619 So.2d 1210 (1993)
Marvin D. COOPER[1]
v.
Carole Bullock COOPER.
No. 91 CA 1581.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Guy Modica, Baton Rouge, for plaintiff/appellant.
Tracy S. Pickerell, Baton Rouge, for defendant/appellee.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
Carole B. Cooper (plaintiff) brought this suit against Marvin D. Cooper (defendant) seeking a judicial partition of community property. From a judgment in plaintiff's favor, defendant appeals.

*1211 FACTS
Plaintiff and defendant were married in Mississippi on April 23, 1963, and later moved to Louisiana. On January 30, 1985, defendant filed a petition for a legal separation to which plaintiff answered and reconvened. On April 3, 1985, the parties were granted a judgment of separation on the grounds of mutual fault. Thereafter, defendant filed a petition for divorce which was granted on February 26, 1986.
On March 18, 1986, plaintiff filed a petition for judicial partition of the community property. However, in lieu of a full hearing on the merits, the parties entered into an oral stipulation in open court on October 27, 1989, and resolved part of their dispute. Respective counsel were then given 45 days to submit briefs and additional evidence[2] to the trial judge regarding the partition of the remaining community property.
On August 22, 1990, the trial court issued written reasons for judgment finding defendant indebted to plaintiff for certain sums totalling $23,335.12. Most of this award came from a "secret" bank account comprised of community funds which the trial court valued at $41,518.00. The trial court subsequently signed a judgment in accord with its reasons for judgment on December 13, 1990.
On appeal, defendant contends the trial court erred in (1) not partitioning assets of the community as of January 30, 1985, the date the community terminated, and in not using the date of trial, or alternatively the date of termination, as the date for valuation; (2) finding defendant liable to plaintiff when no fraud or mismanagement was ever alleged or proven; (3) finding defendant was obligated to pay the mortgage payments on the community debt from or with his separate funds; (4) relieving plaintiff of all responsibility on the community mortgage debt once defendant was granted the exclusive use of the home; and (5) not allocating the assets of the community to plaintiff before ordering him to pay her from his separate property, in the event he is accountable to her.[3]

THE "SECRET" ACCOUNT
The trial court determined defendant was "indebted to petitioner for certain sums, due either to his maintaining a secret bank account in which he deposited community funds without her knowledge or to his mismanagement of community assets." The court then valued the account as of August 1983, at which time the account reflected its highest balance of $41,518.00. From this amount, the court deducted $7,481.75 worth of community debts which were accounted for by defendant and paid by him out of the account, leaving a remainder of $34,036.25 to be split equally between the parties.
Defendant contends the trial court erred in finding him liable to plaintiff since no fraud or mismanagement was ever alleged or proven, and further argues the trial court erred in valuing the account as of the date of its highest balance, rather than as of the date of trial. After a thorough review of the record, we agree.
It is undisputed that the "secret" account was comprised of community funds and maintained solely by defendant. However, the record reflects that when the community terminated in January 1985, there was a total balance of only $41.96 remaining in the account. Thus, it appears that all funds except the remaining $41.96 were withdrawn from the account during the existence of the community property regime.
To remedy the loss of an asset caused by a spouse during the existence of the community property regime, the complaining spouse must look to Louisiana Civil Code article 2354 which provides:
A spouse is liable for any loss or damage caused by fraud or bad faith in the management of the community property. *1212 However, Louisiana Code of Civil Procedure article 856 provides:
In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally. (Emphasis ours.)
Here, plaintiff did not allege any fraud, bad faith, or mismanagement on the part of defendant with respect to any loss or damage of community property. Rather, plaintiff sought only to partition the property belonging to the former community. Moreover, since there was no evidentiary hearing on the merits, the record, i.e., the oral stipulation, is completely silent as to proof of fraud or mismanagement on the part of defendant. Under these circumstances, defendant was not accountable to plaintiff for the spent community funds and the trial court erred as a matter of law in ordering a partition of funds no longer in existence.
Defendant further argues the trial court erred in valuing the account as of the date of its highest balance, rather than as of the date of trial or the date the community terminated. We agree.[4]
Louisiana Revised Statute 9:2801 provides the rules for judicially partitioning community property when the spouses are unable to agree. Revised Statute 9:2801(4)(a) states: "[t]he court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claim of the parties." (Emphasis added.) As stated above, the account had a balance of $41.96 at the termination of the community and was included in both parties' descriptive lists of community assets. However, the record reveals the account was no longer in existence at the time of trial on the merits. Accordingly, the account had no value for purposes of partitioning it between the parties.

MORTGAGE PAYMENTS
Defendant asserts the trial court erred in allowing plaintiff to recover one-half of the $6,500.00 in community funds, part of which he used to pay the community mortgage while he had the exclusive occupancy of the home, and one-half of the $5,100.00 in equity used to pay the delinquent mortgage payments which the parties would have otherwise received when they sold the home. Specifically, defendant argues the trial court has, in effect, granted plaintiff a rent credit for his use of the home, in direct violation of Louisiana Revised Statute 9:374,[5] and has relieved plaintiff of all responsibility on the community mortgage debt.
Defendant was awarded the exclusive use of the community home in the judgment of separation. While he was living in the home, defendant withdrew $4,389.00 from the community Individual Retirement Accounts (IRA's) to apply to back-due mortgage payments. The parties stipulated that the three IRA's totaling $6,500.00 were classified as community funds.
The trial court found that defendant "in receiving exclusive use of the matrimonial domicile, obligated himself to keep up the mortgage payments but failed to shoulder this responsibility." However, we find no evidence in the record to support the trial court's conclusion. Furthermore, we find no authority, and plaintiff points to none, for the proposition that the spouse who has been granted the exclusive occupancy of the matrimonial domicile is obligated to pay the community mortgage debt from his separate funds. Indeed, even if this were the case, the spouse who used his separate property to pay a community debt would be entitled to reimbursement from the community. See LSA-C.C. art. 2365. The *1213 $4,389.00 taken from the IRA's was simply a community asset used to satisfy a community debt. Accordingly, the trial court erred in holding defendant liable for one-half of the $6,500.00 in community IRA's. Defendant is liable to plaintiff only for one-half of $2,111.00, the difference between the $4,389.00 used in satisfaction of the community debt and the total amount of community IRA's, $6,500.00.[6]
With regard to the $5,100.00 of equity which the parties would have otherwise received from the sale of the community home, the trial court found plaintiff was entitled to one-half of this amount "because Mr. Cooper, who received exclusive use of the home, failed to make the monthly mortgage payments for which he had obligated himself." After a thorough review of the record and the evidence presented, we find the trial court erred.
Presumably, the trial court based its decision on a letter signed by defendant and his counsel on April 2, 1985,[7] in which defendant agreed: "Mr. Cooper will make no claims against the community for payments made on the outstanding mortgage on the family home after the date of separation until such time as the home is sold and the community divided between the parties." However, this letter does not state, nor can it be construed to mean, that defendant obligated himself solely to pay the mortgage payments.[8] The mortgage on the community home was a community debt and, therefore, plaintiff was just as responsible as defendant for making the mortgage payments. Accordingly, the trial court erred in awarding plaintiff one-half of the $5,100.00.
For these reasons, the judgment of the trial court in favor of plaintiff is amended to delete the award of one-half of the balance in the "secret" account; to reduce the award from one-half of the $6,500.00 in community IRA's to one-half of $2,111.00; and to delete the award of one-half of $5,100.00. Accordingly, the judgment is amended to award plaintiff a total of $1,055.50. Costs of this appeal are assessed to plaintiff, Carole Bullock Cooper.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] The original petition filed in this case was for a separation instituted by Marvin D. Cooper. The suit involved in this appeal was filed by Carole B. Cooper.
[2] Plaintiff and defendant both submitted certain documentary evidence to the trial court with their briefs.
[3] The portions of the judgment partitioning the Boilermaker's Retirement Fund and the 6.2-acre tract of land in Livingston Parish were not appealed and are now final.
[4] Had this been a proceeding for an accounting brought under La.C.C. art. 2354, the trial court's valuation of the account may have been correct.
[5] Louisiana Revised Statute 9:374(C) provides:

A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
[6] Defendant lists this difference as $2,000.00 in his detailed descriptive list. However, our review of the evidence shows this figure to be $2,111.00, and there is no dispute that this asset was in existence at the time of trial.
[7] This letter was part of plaintiff's offerings which were submitted to the court after the oral stipulation was made.
[8] The stipulation is confusing on this issue because while purporting to include $5,100.00 in equity in the house as an asset, it is obvious that defendant never had this sum in his possession, as it was used at the closing on the sale of the property. While it is unfortunate that it was necessary to "catch up back-due notes," the mortgage installments and the sale proceeds were both part of the community, one an asset and the other a liability.