648 So.2d 1086 (1994)
Carlos A. MONJE
v.
Elvira D. MONJE.
No. 94-CA-622.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 1994.
*1087 R. Scott Buhrer, New Orleans, for plaintiff/appellant.
Kevin G. Kytle, Kenner, for defendant/appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a community property partition. On September 15, 1987 Carlos A. Monje filed a petition for divorce. On December 8, 1988 Carlos A. Monje filed a petition for partition. Carlos A. Monje and Elvira D. Monje, were divorced July 5, 1989. Carlos A. Monje now appeals the judgment of partition specifying as errors the following: (1) the valuation placed on the community business by the trial judge, (2) the refusal to sanction Elvira D. Monje for disbursing movables, (3) the failure to value the property disbursed by Elvira D. Monje, and (4) the failure to allow a reimbursement for expenses paid by Carlos A. Monje for the community business. We amend the judgment, and as amended, affirm.

INJUNCTION:
Appellant argues the trial judge erred by failing to sanction Elvira D. Monje for disbursing movables when she admitted doing so. He asks this court to remand the matter so that the trial judge may impose sanctions. He contends there was an injunction against such alienation which she violated. We find no error in the trial judge's failure to sanction Elvira D. Monje. There was no rule for contempt before him in that regard. That issue is not before this court.
Additionally, we note that there was no hearing on a preliminary nor permanent injunction. There is only one temporary restraining order in this record restraining Elvira D. Monje from certain actions relative to community property. This temporary restraining order was issued September 15, 1987 in connection with Carlos A. Monje's petition for divorce. It restrained the alienation, concealing, disposal or encumbrance of community property by Elvira D. Monje during the pendency of the proceedings. A rule to show cause was issued requesting a preliminary and a permanent injunction. However, no preliminary nor permanent injunction was ever rendered. Nevertheless, since there is no rule for contempt before us we make no determination of the merits of such a rule. We also decline to remand this case for the purpose of allowing the trial judge to impose sanctions.

VALUE OF DISPOSED ITEMS:
Appellant argues the trial judge erred by not valuing the property which Elvira D. Monje admitted selling, giving away, or losing since the termination of the community. He requests this court to remand in order for the trial judge to determine the value of these missing items.
Appellant correctly notes Elvira D. Monje admitted disposing of various items in her possession. She did so prior to moving from the community home. Elvira D. Monje testified she conducted a garage sale in 1991 after Carlos A. Monje had undertaken an inventory of the items in the family home. She also gave other items away or discarded them.
She testified, however, that she had invited Carlos A. Monje to take items he wanted prior to her disposal of the remaining ones. She stated Carlos A. Monje came to her home in a truck and that she opened the door to him. She told him to take what he wanted. She explained she was moving to a *1088 smaller place and could not afford storage costs on the items.
Monje testified in 1989 he and a witness conducted an inventory of the property in the family home. He stated he was contacted by Elvira D. Monje's counsel to collect his personal belongings. In contrast to Elvira D. Monje he testified she only allowed him access to the garage and to a limited number of items. He denied she gave him an invitation to take anything he wanted. On direct examination he denied being told by Elvira D. Monje that the remaining items would be disposed of. However, on cross examination he admitted being told she would destroy items he did not pick up that date. He continued to deny on cross examination that she gave him access to the house.
Norma Stills testified she was present when Carlos A. Monje came to the house. She heard the conversation wherein Elvira D. Monje told him to take anything he wanted. She stated Carlos A. Monje had access to the house and not just the garage. However, she was aware of two occasions when Carlos A. Monje came to the house and had difficulty distinguishing the two occasions.
The trial judge evidently gave greater weight to Elvira D. Monje's testimony. Carlos A. Monje, himself, admitted he was told by Elvira D. Monje she would dispose of the remaining items although he had previously testified inconsistently. We cannot say the trial judge's evaluation of credibility was unreasonable. Fouchi v. Fouchi, 442 So.2d 506, 513 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1235 (La.1984). The trial judge did not abuse his discretion in failing to charge Elvira D. Monje with the value of the missing items and in finding Carlos A. Monje agreed to take items he wanted prior to their disposal.

VALUE OF COMMUNITY BUSINESS:
This business is a naval architect business operating as a Subchapter S Corporation. Carlos A. Monje is a certified naval architect providing services for the corporation.
Appellant argues the trial judge did not value the community business at the date of trial. He correctly notes that La.R.S. 9:2801(4)(a) provides in part: "The court shall value the assets as of the time of trial on the merits[.]"
The trial judge awarded 100% ownership of Carlos Monje, Inc. to Carlos A. Monje. He valued this business at the time of trial at $9,061.00. Carlos A. Monje, however, argues the business had a negative value at the time of trial.
Two accounting experts testified as to the value of the community business. John R. Maggiore, Jr. testified on behalf of Elvira D. Monje while Clarence Joseph Charlet testified on behalf of Carlos A. Monje.
Trial in this matter began April 3, 1992. Maggiore testified he reviewed financial statements and tax returns from 1986 through 1990. He stated he reviewed all of the information currently available to him which was through November 22, 1991. He determined the net worth of the corporation to be $9061.00. On November 22, 1991 he went to a meeting at Carlos A. Monje's C.P.A.'s office and was told there was no further activity as far as income nor were there any further accounting records. His valuation was based on the date of the last corporate activity, which was approximately five months before trial.
Clarence Joseph Charlet testified on behalf of Carlos A. Monje. His firm provides accounting services for the corporation. He testified that at the time of trial the corporation had a negative worth of $3,000.00.
Carlos A. Monje admitted that in 1991 the corporation was "dormant." He considered it to be in business, however, because of outstanding and continuing bills.
The trial judge relied on Maggiore's valuation which was based on the last time this corporation was active. That figure was based on a date only five months away from the trial date. The determination of the value of this business is a factual one which will not be disturbed absent manifest error. Moody v. Moody, 622 So.2d 1381 (La.App. 1st Cir.1993).
Additionally, Elvira D. Monje's counsel strenuously objected to any testimony or documentation by opposing counsel regarding *1089 valuation beyond the November 22, 1991 date. Although the trial judge allowed questioning of Charlet in regard to later alleged activity he evidently accorded this testimony little weight.
In Razzaghe-Ashrafi v. Razzaghe-Ashrafi, 558 So.2d 1368 (La.App. 3rd Cir.1990) the court is given broad discretion in adjudicating the community regime. In that case the trial judge had valued the corporate business as of the termination of the community since there had been numerous attempts to thwart discovery causing a delay and limited evidence.

BUSINESS EXPENSES:
Appellant argues the trial judge erred in only awarding him $546.00 in reimbursement of one-half of the expenses paid by him on behalf of the business. He states this figure only represents the amount he paid from the date the community terminated through the first day of trial. Since trial took over six months to complete he incurred further expenses. He contends he spent an additional $1,636.00 to which he testified to at trial. He stated the trial judge ruled at trial that he considered this to be a valid claim. Evidence of these additional expenses were introduced.
The trial judge, however, only allowed reimbursement for expenses through the first date of trial. Carlos A. Monje seeks to have the judgment amended to award him one-half of $2,727.00.
When Carlos A. Monje's attorney began questioning him about the additional expenses, Elvira D. Monje's counsel objected. The trial judge, however, overruled the objection. He gave counsel for Elvira D. Monje an opportunity to view the documents before further questioning. Afterwards counsel stipulated that Carlos A. Monje would testify each of the checks presented into evidence was paid from his personal account and paid to the individuals shown on the check. Elvira D. Monje's counsel thus waived any further objection to this line of questioning which expanded the sworn descriptive list.
The checks were entered into evidence as Carlos Monje C in globo and the list of these expenditures was entered into evidence as Carlos Monje B. While exhibit B is in evidence in this record exhibit C is missing. The minute entry carries a notation that the attorney would submit copies of these checks. Evidently Carlos A. Monje's attorney chose not to submit copies of the checks. The trial judge evidently relied on the list and Carlos A. Monje's testimony when he concluded he would not give credit for expenses after the first date of trial.
When Carlos A. Monje was being questioned about storage costs the trial judge opined he was ruling that was a valid claim. However, he made no statement regarding the time period for which he would allow storage costs. In his reasons for judgment he explained, however, that he would not allow expenses since the trial of this matter.
Carlos A. Monje testified as follows. He used personal funds to pay for storage at A-1 Lock and Leave It in Marrero. The purpose was to store files, books, chairs, one drafting board, and paper which belong to the corporation. The list of expenditures gives the following expenditures to this company: 8/10/91 for $86.00; 9/14/91 for $86.00; 10/05/91 for $86.00; 11/03/91 for $86.00; 11/30/91 for $86.00; 1/04/92 for $86.00; 2/15/92 for $86.00; 3/01/92 for $86.00; 4/01/92 for $86.00; 5/02/92 for $86.00 and 6/06/92 for $86.00. Thus, he made 11 payments of $86.00 each totaling $946.00. The trial judge erred in failing to allow these charges.
Carlos A. Monje testified he paid $25.00 to the Secretary of State in 1992 on behalf of the corporation. The trial judge erred in denying this claim.
Carlos A. Monje also testified that he paid the accounting firm of Charlet and Smith for both accounting services as well as their testimony at trial. Charlet testified as expert on behalf of Carlos A. Monje. Thus, Elvira D. Monje should not be ordered to pay for her ex-husband's expert even though this expert is also the one providing accounting services for the corporation. No separation of these fees was presented and this court cannot determine which of the accounting fees are for personal as opposed to strictly corporate expenses. The trial judge correctly *1090 disallowed reimbursement of this expense.
Additionally, Carlos A. Monje testified that the payments he made to South Central Bell telephone company were for both his personal use of the telephone as well as corporate use. He did not distinguish these charges. Various other unexplained charges are noted on the list. The trial judge correctly denied these as well since Carlos A. Monje admitted combining personal expenditures with corporate expenditures.
Thus, the trial judge erred by not awarding Carlos A. Monje an additional one-half reimbursement of the $971.00 incurred for business expenses or $485.50 since it is uncontroverted these were purely corporate expenses.
Appellee argues that Carlos A. Monje mismanaged the corporate assets and contends this is a basis for the trial judge's judgment. However, no petition for mismanagement, bad faith or fraud was ever filed in this record. This issue was not before the trial judge. He was only handling a partition. See Cooper v. Cooper, 619 So.2d 1210 (La.App. 1st Cir.1993), writ denied, 625 So.2d 1042 (La.1993). Similarly, we as did the trial judge, only consider the partition of the community property.
Accordingly, for the reasons stated, the judgment is amended to allow Carlos A. Monje an additional $485.50 reimbursement for corporate expenses paid from his person account. The judgment is also amended to order Carlos A. Monje to pay to Elvira D. Monje the sum of $2882.57, representing one-half of the difference between the net value of community property awarded to the respective parties. The judgment is affirmed in all other respects.
AMENDED AND AS AMENDED, AFFIRMED.