DANNY GUILBEAU
v.
JANET HUFFMAN.
No. 07-1016.
Court of Appeals of Louisiana, Third Circuit.
February 6, 2008.
NOT FOR PUBLICATION
JONATHAN TERREL GASPARD, Counsel for Plaintiff/Appellant: Danny Guilbeau.
HENRY H. LEMOINE, Jr., LEMOINE & WAMPLER, Counsel for Defendant-Appellee: Janet Huffman.
Court composed of THIBODEAUX, Chief Judge, COOKS and PETERS, Judges.
COOKS, Judge.
In this community property dispute, the appellant, Danny Guilbeau, attacks the trial court's valuation of a business existing during the marriage. For the following reasons, we affirm the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
Danny Guilbeau and Janet Huffman were married on September 1, 1995 and established their matrimonial domicile in Rapides Parish. On April 7, 2004, Danny filed for divorce. A final judgment of divorce was granted to the parties on December 6, 2004. On June 6, 2005, Danny filed a Petition for Partition of Community Property, and subsequently filed a Sworn Detailed Descriptive List of Community Property. Janet filed a Traversal. The parties could not reach agreement on a division of the community property, and the matter went to trial.
The contested issue at trial was the valuation of a business started by Danny during the existence of the marriage, the Dental Center Laboratory, which makes dentures for numerous dentists in the surrounding area. Mark McKay testified as an expert witness on behalf of Janet, and in his opinion the Dental Center Laboratory was valued between $120,000 to $170,000. The record was left open by the trial court to allow Danny to obtain his own expert to perform a valuation of the Dental Center Laboratory. Danny retained Michael Carbo to perform a valuation, after which another hearing was set by the trial court.
At that hearing, Michael Carbo testified the value of the Dental Center Laboratory was between $57,500 to $81,885. Mark McKay again testified as to his previous valuation. Following the hearing, post-trial memorandums were submitted by both parties, and on March 26, 2007 the trial court set forth written reasons for rendering judgment valuing the Dental Center Laboratory at $88,500. The trial court noted in its reasons for judgment that the value was fixed "between the values in the lowest range set by the experts." Danny has appealed the trial court's judgment, contending the trial court's only error involved its valuation of the Dental Center Laboratory.

ANALYSIS
Courts are required to "divide the community assets and liabilities so that each spouse receives property of an equal net value." La.R.S. 9:2801 A(4)(b); Robinson v. Robinson, 99-3097 (La. 01/17/01), 778 So.2d 1105. The trial court has broad discretion in partitioning community property. McCorvey v. McCorvey, 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, writ denied, 06-435 (La. 4/28/06), 927 So.2d 295. The trial court's determination of the value of a community business is a factual one which will not be disturbed absent manifest error. Monje v. Monje, 94-622 (La.App. 5 Cir. 12/28/94), 648 So.2d 1086; Moody v. Moody, 622 So.2d 1381 (La.App. 1 Cir.), writ denied, 629 So.2d 1168 (La.1993). Further, a trial court's decision to value one expert's method of valuation over that of another will not be overturned unless it is manifestly erroneous. Preis v. Preis, 94-442 (La.App. 3 Cir. 11/02/94), 649 So.2d 593, writs denied, 94-2939, 94-2942 (La.01/27/95), 649 So.2d 392.
Danny argues the trial court erred in using the valuation offered by Mark McKay as an element to determine the value of the Dental Center Laboratory. Specifically, he argues McKay should not have made adjustments to the 2001-2005 tax returns for the automobile expenses reported by the business. McKay stated he did not fully believe the figures set forth on the tax returns and adjusted his calculations accordingly. He testified as follows:
Q. Then on what basis supports your contention that perhaps the travel was, ah, overstated?
A. Ah, there's a reasonable na, there's reasonableness nature of these costs. Ah, in order to arrive at . . . ah, most of the travel costs were somewhere in the neighborhood of Twenty-one to Twenty-two, Twenty-three thousand dollars a year, and with, with only two employees and the owners themselves, ah, I went back to a reasonableness, ness of that, ah cost, and in order to arrive at that, ah, that would be around Forty-four thousand business miles driven a year. Ah, you'd have to average approximately, ah, twenty-two miles an hour for two thousand hours, almost a full man-year, in order to arrive at that cost.
Q. Okay.
A. Ah, that does not seem reasonable at all.
McKay also reviewed the costs of the insurances on the automobiles to determine whether they were related to the business or related to personal use.
The record clearly establishes McKay set forth legitimate reasons for adjusting the 2001-2005 tax returns for the automobile expenses reported by the business. It was then up to the discretion of the trial court as to how much, if any, of McKay's conclusions to accept.
Danny also claims McKay "adjusted in" all of the deductions reported for employee benefits, which artificially inflated the cash flow of the Dental Center Laboratory and skewed the value of the business. However, McKay specifically testified he did not adjust his cash flow analysis by using the employee benefits.
Lastly, Danny argues McKay used the "asking price" rather than the actual "sale price" in comparing similar businesses from California to Louisiana. He argues the "use of 'asking price' rather than the sale price further artificially skewed the high range of Dental Center Laboratory." Initially, we note the trial court fixed the value by using the lowest value assigned by each expert and then dividing the combined figure by one half. Thus, any alleged skewing of the high range by McKay did not affect the ultimate value assigned by the trial court.
After a thorough review of the record, we find no abuse of the trial court's vast discretion in its valuation of the Dental Center Laboratory. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Danny Guilbeau.
AFFIRMED.