NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-21

HOWARD C. SCHOEFFLER

VERSUS

NANCY N. SCHOEFFLER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 102882
HONORABLE CHARLES G. FITZGERALD, DISTRICT JUDGE

**********

**J. LARRY VIDRINE***
**JUDGE**

**********

Court composed of Billy H. Ezell, D. Kent Savoie, and J. Larry Vidrine*, Judges.

**AFFIRMED.**

_____

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Paul J. deMahy**
**2206 Catherine Drive**
**St. Martinville, LA  70582**
**(337) 519-5400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Nancy N. Schoeffler**

**Bradford H. Felder**
**Veazey, Felder & Renegar, LLC**
**Post Office Box 80948**
**Lafayette, LA 70598-0948**
**(337) 234-5350**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Howard C. Schoeffler**

**VIDRINE, Judge Pro Tempore.**

This community property partition case involves an appeal from the trial court's valuation of the former wife's interest in three limited liability companies. The former husband contends that the trial court erroneously failed to apply a marketability discount in determining the value of the former wife's interests. Alternatively, the former husband contends that the governing documents of the three entities control the valuations of the former wife's interests.

## FACTS AND PROCEDURAL HISTORY:

Nancy Schoeffler and Howard Schoeffler were married. During the course of that marriage, three limited liability companies were formed: Thibodeaux Hebert Deshotels LeBlanc, LLC, a public accounting firm, Total HR Solutions, LLC, a provider of payroll processing and HR services, and Financial Partners of Louisiana, LLC, a provider of administrative support for financial advisory and planning services.

On January 24, 2017, Howard filed for divorce and partition of the couple's community property. He and Nancy entered a consent judgment that resolved the ancillary issues and partially settled the community property partition on December 20, 2017.

Thereafter, a trial was conducted on November 4, 2019, and November 20, 2019, to partition the remaining community property. On February 4, 2020, the trial court signed a judgment that, inter alia, valued the community's interest in the three limited liability companies, partitioned 100% of the community's interest in the three companies to Howard, and awarded Nancy a money judgment to offset the loss of her half of the community's interest in the three limited liability companies.

Both parties filed motions for new trial. Nancy's was denied. Howard's was granted, in part, on issues not relevant to this appeal and denied, in part, regarding

the applicability of a marketability discount in valuing the three limited liability companies. This appeal followed with Howard alleging three assignments of error.

## ASSIGNMENTS OF ERROR:

1. The trial court erred in holding marketability discounts never apply to the determination of the fair market value of a party's interest in a limited liability company in a community property partition.

2. The trial court therefore erred when it failed to apply a 30% marketability discount to determine the fair market value of Howard's interest in Thibodaux Hebert Deshotels & Leblanc, LLC, Total HR Solutions, LLC, and Financial Partners of Louisiana, LLC.

3. Alternatively, if the entities are to be valued using a "known party" transaction methodology, then the governing documents of the entities control the valuations.

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first assigned error, Howard asserts that the trial court erred in holding marketability discounts never apply to the determination of the fair market value of a party's interest in a limited liability company in a community property partition.

Howard's assignment of error relates to his interpretation of the trial court's reasons for judgment. The judgment is silent on the trial court's view regarding whether marketability discounts ever apply to the determination of the fair market value of a party's interest in an LLC in a community property partition. In *Keenan v. Keenan*, 15-828, p. 4 (La.App. 3 Cir. 2/3/16), 186 So.3d 289, 295, *writ denied*, 16-418 (La. 4/15/16), 191 So.3d 590 (alterations in original), this court addressed a party's assignment of error concerning a trial court's reasons for judgment, stating:

> We first address Horace's assignment of error concerning the trial court's written reasons. Horace contends that they are inaccurate and do not comport with the issues. He requests that this court perform a de novo review. Horace does not cite any statutory or jurisprudential authority for such a review.
>
> "Appeals are taken from the judgment, not the reasons for judgment" and the reasons "are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed[.]" *Winbery v. Louisiana College*, 13-339, p. 9 (La.App.

3 Cir. 11/6/13), 124 So.3d 1212, 1217-18 (quoting *Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586 (La.4/1/11), 61 So.3d 507, and *State in the Interest of Mason*, 356 So.2d 530 (La.App. 1 Cir.1977)), *writs denied*, 13-2844, 13-2859 (La.4/11/14), 137 So.3d 1215. Further, "[i]n general, if the appellate court believes that the trial court reached the proper result, it will affirm the judgment." *David v. David*, 12-1051, p. 4 (La.App. 3 Cir. 4/10/13), 117 So.3d 148, 152, *writ denied*, 13-1541 (La.10/4/13), 122 So.3d 1023.

Thereafter, the *Keenan* court amended the judgment of the trial court but did not amend the trial court's reasons for judgment. Like the *Keenan* court, we find no legal basis to consider a trial court's reasons for judgment as, "[a]ppeals are from judgments, not reasons for judgment." *Wooley*, 61 So.3d at 572 (quoting *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2759, p. 3 (La. 11/18/03), 860 So.2d 22, 24). "Judgments are often upheld on appeal for reasons different than those assigned by the district judges." *Id.* Given the clear jurisprudence on assigned errors targeting a trial court's reasons for judgment, we find no merit to this assigned error.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Howard, in his second assignment of error, argues that the trial court erred when it failed to apply a 30% marketability discount to determine the fair market value of his interest in three limited liability companies: Thibodaux Hebert Deshotels & Leblanc, Total HR Solutions, and Financial Partners of Louisiana. We disagree.

The parties disagree on the standard of review applicable to this assigned error. Howard's argument for a de novo review is on the premise that the trial court found "marketability discounts never apply in community property partition actions." Contrarily, Nancy cites *Cannon v. Bertrand*, 08-1073 (La. 1/21/09), 2 So.3d 393, for the proposition that the standard of reviewing a trial court's decision whether to apply a marketability discount is abuse of discretion. In *Cannon*, our

supreme court looked to the application of a what it ascertained as a combination of marketability and minority discounts and found that the trial court abused its discretion in applying those discounts.

Howard's assertion that the trial court's judgment found marketability discounts never apply in community property partition actions is not accurate. The trial court's judgment does not stand for such a bright-line rule. As we iterated in Howard's Assignment of Error Number One, the trial court's judgment is silent on its view regarding whether marketability discounts ever apply to the determination of the fair market value of a party's interest in an LLC in a community property partition. Thus, his assertion of legal error is unfounded.

This court, in *Segura v. Comeaux*, 17-258, p. 2 (La.App. 3 Cir. 11/2/17), 279 So.3d 418, 420, *writ denied*, 17-2027 (La. 2/2/18), 235 So.3d 1119 (first alteration in original) (quoting *Ellington v. Ellington*, 36,943, pp. 6-7 (La.App. 2 Cir. 3/18/03), 842 So.2d 1160, 1165-66, *writ denied*, 03-1092 (La. 6/27/03), 847 So.2d 1269), stated the following:

> In light of the discretion granted to the trial court by La.R.S. 9:2801, the court is not required to accept at face value a party's valuation of assets, debts or claims against the community. *Gay v. Gay*, 31,974 (La.App.2d Cir.06/16/99), 741 So.2d 149; *Kaplan v. Kaplan*, 522 So.2d 1344 (La.App. 2d Cir. 1988); *Alford v. Alford*, 94-1464 (La.App. 3d Cir.04/05/95), 653 So.2d 133. If the trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed. *Alford, supra.* As noted by the court in *Starr v. Starr*, 557 So.2d 1026 (La.App. 4th Cir. 1990), the law provides no mathematical formula for determining the value of community assets.
>
> If the community asset to be valued is an interest in a partnership or corporation, the court must be careful to value the interest, not just the assets of the business entity. *Moody v. Moody*, 622 So.2d 1381 (La.App. 1st Cir. 1993), *writ denied*, 629 So.2d 1168 (La.1993); *Borrello v. Borrello*, 614 So.2d 91 (La.App. 4th Cir. 1992); *Mexic v. Mexic*, 577 So.2d 1046 (La.App. 4th Cir. 1991). The trial court's determination of the value of a community business is a factual one which will not be disturbed absent manifest error. *Monje* [*v. Monje*], [94-622 (La.App. 5th Cir. 12/28/94), 648 So.2d 1086]; *Moody, supra.*

A court, in valuing a community asset, has discretion. *Hare v. Hodgins*, 586 So.2d 118 (La.1991).

Given the above, we agree with Nancy. The standard of reviewing a trial court's decision whether to apply a marketability discount is abuse of discretion.

The record before us indicates that both experts agreed as to the initial value of the three limited liability companies, i.e., prior to application of discounts, if any. However, Nancy's expert, Chris Rainey, opined that the fair market value of the community companies should not include a marketability discount, while Howard's expert, Ralph Stephens, disagreed. Rainey's opinion regarding marketability discounts was based on the reasoning in our supreme court's opinion in *Cannon*, 2 So.3d 393.

Marketability discounts, as stated by both experts in this case, derive from illiquidity. The liquidity of an asset is ascertained by how quickly and easily its value can be converted into cash without affecting the asset's value. Intuitively, selling an interest in a private, closely-held company is a more costly, uncertain, and time-consuming process than selling an interest in a publicly traded entity. An asset that the owner can convert to cash in a timely fashion is worth more than an asset that the owner cannot sell quickly. Hence, when valuing the owner's interest in small, closely-held companies, experts may apply a marketability discount when warranted.

In *Cannon*, our supreme court stated, "[m]inority discounts and other discounts, such as for lack of marketability, may have a place in our law; however, such discounts must be used sparingly and only when the facts support their use." *Id*. at 396 (footnote omitted). In reversing this court, the *Cannon* court reasoned, given the facts before it, that applying a marketability discount when "the [remaining] partners have already determined to purchase the partnership share

themselves by opting to continue the partnership and avoid liquidation" was an abuse of discretion by the trial court. *Id.*

Here, as is generally the case in a community partition situation regarding a community's interests in a business, the actual market for the withdrawing party/spouse's interest is known. Howard, the recipient spouse, has determined to remain a member of the limited liability companies after acquiring Nancy's interest. This is not dissimilar to the partners deciding to purchase the withdrawing partner's interests and continue the business in *Cannon*. Rainey's expert opinion on the applicability of marketability discounts was based on the *Cannon* court's reasoning and the fact of a "known market" both here and in *Cannon*.

Furthermore, after Howard acquires Nancy's half of the former community's interests and continues those businesses, should he decide to withdraw from Thibodeaux Hebert Deshotels LeBlanc, LLC or Total HR Solutions, LLC, the former community's interests will not be sold on an open market to a hypothetical buyer. Those interests are subject to buy/sell agreements with the remaining members. Similarly, Howard's acquired interests in Financial Partners of Louisiana, LLC, may also not be sold on an open market to a future, hypothetical buyer because his interests are subject to a right of first refusal granted to the remaining members with the purchase price being set, at that time, at the fair market value. Although a trial court is to value the community assets at the time of partition under La.R.S. 9:2801(4)(a), how those assets will be sold in the future, if known, can have an impact on the present value of those assets and the propriety of applying a marketability discount to those assets.

Therefore, the facts of this case are such that the actual market is known both for the withdrawing spouse's interests and either is or may be known for the

continuing spouse's combined, acquired interests. Neither of those interests will be sold on a purely open market with a hypothetical buyer and seller.

We note that this is not to say that marketability discounts never apply in community property partition actions. See *Trahan*, 10-109 (La.App. 1 Cir. 6/11/10), 43 So.3d 218, *writ denied*, 10-2014 (La. 11/12/10), 49 So.3d 889, wherein application of a marketability discount was upheld when experts from both parties applied a marketability discount in reaching their opinions on the fair market value of a community asset. Here, we are simply following our supreme court's directive in *Cannon* by reviewing whether the trial court abused its discretion in refusing to apply marketability discounts based on the facts of the case before it.

Accordingly, given the facts of this case and supporting evidence in the record, we find no abuse of the discretion afforded the trial court in valuing the community's interests in the three companies without applying a marketability discount. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER THREE:

Finally, Howard's third assignment of error is that, alternatively, if we find no error by the trial court in valuing the three limited liability companies using a "known party" transaction methodology, then the trial court erred by failing to use the governing documents of the companies to control the interest valuations. We find no merit to this assignment.

First, the assumption by Howard that the trial court, and, in the event of affirmation, this court, used a "'known party' transaction methodology," and that this court endorsed such a methodology is baseless. Howard has produced no evidence of this methodology, and this court is unaware that such a methodology exists. Our finding in Assignment of Error Numbers One or Two is not an endorsement or affirmation of a "known party" transaction methodology.

7

Rather, this court followed our supreme court's jurisprudence in *Cannon*, 2 So.3d 393, in reviewing the trial court's judgment for abuse of discretion. The *Cannon* court established that marketability discounts should be used sparingly and only when the facts of the case support their use. The trial court found that the facts of this case did not support a marketability discount's use. We found no abuse of the trial court's discretion because the facts established in the record amply supported the trial court's decision.

Regarding the substance of this assigned error, that the trial court erred by failing to use the governing documents of the companies to control the interest valuations, we note that the documents detail how the partners will value Howard's interests upon withdrawal. That valuation is fixed by either the value of Howard's capital account on the date of withdrawal or the fair market value of those interests.

Here, Howard is not withdrawing from the businesses, he is continuing his participation in them. Therefore, using the governing document's current value upon withdrawal is not based on the facts of this case.

Further, the governing documents only attempt to value Howard's interest in event of his withdrawal. Ownership of a thing is "the right that confers on a person direct, immediate, and exclusive authority over a thing. The owner of a thing may use, enjoy, and dispose of it within the limits and under the conditions established by law." La.Civ.Code art. 477(A). Under La.Civ.Code art. 477(A), the value of the thing, the community's interests in the three limited liability companies, includes value for their use, enjoyment, and disposition. Here, using the governing document's valuation only includes the current value of disposing the community's interests without considering the value of using and enjoying those interests. Such a valuation, without considering all sources of a thing's value, is not aligned with

8

the directive given to courts in La.R.S. 9:2801(4)(a) wherein we are to find the fair market value a community's asset.

Accordingly, we find no error by the trial court in failing to use the governing documents of the companies to control the interest valuations. This assignment of error is without merit.

## CONCLUSION:

Howard Schoeffler raises three assignments of error. We find no merit in any of Howard's assignments of error. As such, we affirm the trial court's judgment. We assess all costs of this appeal to Howard Schoeffler.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.

Uniform Rules– Courts of Appeal, Rule 2–16.3.