McClendon, j.
Ii»ln this initial custody determination, the mother of a minor child appeals the judgment of the trial court, awarding the father shared custody of the minor child on an alternating weekly basis, the federal and state income tax dependency deductions, and attorney fees. For the reasons that follow, we affirm in part, amend in part, and vacate in part.
FACTUAL AND PROCEDURAL BACKGROUND
Troy Randazzo, Jr. and Lauren Prosper-ie are the parents of a minor child born on *24 November 24, 2010. The parties were never married, but began living together in April 2010, when they resided with Mr. Randazzo’s grandmother at her residence. Mr. Randazzo purchased a home in September 2011, where he, Ms. Prosperie, and the child lived until Ms. Prosperie moved with the minor child to Katy, Texas, to live with her parents in August 2012.[1]
On September 7, 2012, Mr. Randazzo filed a petition seeking the return of the child, custody, attorney fees, and costs.[2] In his petition, Mr. Randazzo alleged that Ms. Prosperie violated the relocation statutes by failing to give him notice of the proposed relocation. He sought joint custody with him being named the domiciliary parent of the minor child, or, in the alternative, shared custody on an alternating weekly basis. Mr. Randazzo also asked to claim his child as his dependent for federal and state income taxes.
The matter was heard on October 15, 2012. Ms. Prosperie conceded that she was technically in violation of the relocation statutes.[3] After the introduction |3of testimony and evidence, the trial court rendered judgment essentially allowing the relocation, and ordering an alternating seven-day custody schedule, following a one-month transition period, with Ms. Prosperie providing all transportation. Neither party was named as the domiciliary parent. Mr. Randazzo was also awarded the federal and state income tax exemption on behalf of the minor child, attorney fees in the amount of $500.00, and costs. Judgment was signed on December 18, 2012, and Ms. Prosperie appealed.
DISCUSSION
The paramount consideration in a child custody determination is always the best interest of the child. LSA-C.C. art. 131. In determining the best interest of the child, the court shall consider all relevant factors, including those enumerated in LSA-C.C. art. 134.[4] The best-interest- *25 of-the-child test under LSArjC.C.4 arts. 131 and 134 is a fact-intensive inquiry, requiring the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented in each case. Martello v. Martello, 06-0594 (La.App. 1 Cir. 3/23/07), 960 So.2d 186, 191. Every child custody case is to be viewed on its own peculiar set of facts and the relationships involved, with the paramount goal of reaching a decision-which is in the best interest of the child. Id. The trial court is vested with broad discretion in deciding child custody cases. Because of the trial court’s better opportunity to evaluate witnesses, and taking into account the proper allocation of trial and appellate court functions, great deference is accorded to the decision of the trial court. Id. A trial court’s determination regarding child custody will not be disturbed absent a clear abuse of discretion. Id. at 191-92.
Furthermore, Louisiana’s relocation statutes retain the best interest of the child standard as the fundamental principle governing decisions made pursuant to its provisions. Curóle v. Curóle, 02-1891 (La.10/15/02), 828 So.2d 1094, 1096. Louisiana Revised Statutes 9:355.10 provides that “[t]he person proposing relocation has the burden of proof that the proposed relocation is made in good faith and is in the best interest of the child.” Additionally» “[i]f the issue of relocation is presented at the initial hearing to determine custody of and visitation with a child, the court shall consider also the factors set forth in R.S. 9:355.14 in making its initial determination.” [5] LSA-R.S. 9:355.16. Thus, in *26 | Bmaking this initial custody determination, the trial court had to apply LSA-C.C. art. 134 as well as LSA-R.S. 9:355.14.
However, there is no requirement that the court give preferential treatment to any one factor. Hernandez v. Jenkins, 12-2756 (La.6/21/13), 122 So.3d 524, 528; Gathen v. Gathen, 10-2312 (La.5/10/11), 66 So.3d 1, 8. Further, a trial court is not required to expressly analyze each factor in its oral or written reasons for judgment in a relocation case. Gathen, 66 So.3d at 9. Not only does the statute not expressly require it, but a trial court is never required to give oral reasons and is not required to give written reasons for its “findings of fact and reasons for judgment” unless requested by a party in most types of |finon-jury cases. LSA-C.C.P. art. 1917; Gathen, 66 So.3d at 9. The appropriate standard of review is that the trial court’s relocation determination is entitled to great weight and will not be overturned absent a clear showing of abuse of discretion. Id.
In her initial specification of error, Ms. Prosperie contends that the trial court erred in awarding the parties shared custody on an alternating seven-day basis. She maintains that the trial court failed to consider the relevant factors in determining the best interest of the child and, instead, based its decision on personal beliefs and a desire to punish her. She further avers that a review of the factors contained in LSA-C.C. art. 134 and LSA-R.S. 9:355.14 require that she be named the domiciliary parent and that her relocation was reasonable and warranted.
At the custody and relocation hearing, Ms. Prosperie testified that Mr. Randazzo kicked her out of his home and that she had no other choice but to move to Texas where her parents resided, stating that she had no other means of support. The record shows that Ms. Prosperie was employed as a licensed pharmacy technician and worked part-time at Walgreens Pharmacy in Louisiana and then in Texas. She had plans to return to school. The record also shows that after Ms. Prosperie moved to Texas, Mr. Randazzo offered Ms. Pros-perie his home where she and the child could reside at his expense, if she would move back to Louisiana. He further offered to move back in with his grandmother, if they would return. Ms. Prosperie turned down the offer because “he would have some kind of hold over her.”
Mr. Randazzo admitted that when the minor child was born, his work schedule was twelve days on and two days off and that he worked a lot of overtime and was often not at home. However, in April 2012, he changed jobs to a salaried position, and he now works a twelve-hour day, seven days on and seven days off.
The record also establishes that both parties have family members in Houma. Mr. Randazzo’s grandmother is close by, and Ms. Prosperie testified that |7her sister, two aunts and uncles, and her grandmother and grandfather all live in Houma, *27 approximately ten minutes from Mr. Ran-dazzo’s home.
Based on our review of the record, it is clear that both parents want the best for their child. However, they cannot agree on the most effective way to achieve that goal. The trial court had the benefit of direct observation of the parties and the difficult task of weighing the credibility of the witnesses. We cannot conclude that the trial court failed to consider the relevant factors of LSA-C.C. art. 134 and the factors enumerated in LSA-R.S. 9:355.14 in determining what was in the best interest of the child.[6] The trial court, in ordering shared custody, with an alternating seven-day schedule, clearly found the relocation to be in the best interest of the minor child, implicitly denying Mr. Ran-dazzo’s motion objecting to said relocation.
Our review of the record supports the determination that the relocation and shared custody will have positive benefits for the child. The child is still very young, not yet school age, and it is undisputed that Ms. Prosperie has been the primary caregiver since his birth on November 24, 2010.[7] Additionally, shared custody between Louisiana and Texas will foster continuing relationships between the child and his extended families. Upon our review, we simply cannot conclude that the trial court’s decision of equal physical custody constitutes a clear abuse of discretion.
Nevertheless, we must review the trial court’s failure to designate a domiciliary parent or enter an implementation order allocating the legal authority and responsibilities of the parents, as required by LSA-R.S. 9:335.[8] Subsection B |sof this statute provides that in a decree of joint custody the court shall designate a domiciliary parent. LSA-R.S. 9:335B. Louisiana Revised Statutes 9:335B provides for only two circumstances in which a court may *28 decline to name a domiciliary parent in a joint custody context, that is, when “there is an implementation order to the contrary” or “for other good cause shown.” Wolfe v. Hanson, 06-1434 (La.App. 1 Cir. 5/2/08), 991 So.2d 13, 17, unit denied, 08-1205 (La.6/27/08), 983 So.2d 1292.
An “implementation order to the contrary” must meet the requirements set forth in LSA-R.S. 9:335A by specifically allocating physical custody times for each parent and allocating the legal authority and responsibility of the parents. Wolfe, 991 So.2d at 17. If, however, the joint custody decree neither designates a domiciliary parent nor otherwise provides an implementation order that allocates the legal authority and responsibility of the parents, good cause must be shown for the court’s decision not to assign a domiciliary parent. Id.
After a thorough review of the record in this matter, we conclude that the joint custody arrangement in this matter does not conform to the requirements of LSA-R.S. 9:335. As the trial court failed to designate a domiciliary parent, Neither a valid implementation order must have been provided by the trial court or good cause not to name a domiciliary parent must have been shown. The trial court’s judgment does not allocate the legal authority and responsibility of the parents and, therefore, there is no valid implementation order in this matter. Further, upon our review of the record, we find that the record does not support a finding of good cause for the failure to designate a domiciliary parent. Thus, we find that the trial court abused its discretion in failing to name a domiciliary parent. Based on the foregoing, and considering the entirety of the record, and while many of the factors weigh equally in favor of both parties, given Ms. Prosperie’s role as primary caregiver since the child’s birth, we amend the judgment to name Ms. Prosperie as the domiciliary parent.
Ms. Prosperie next argues that the trial court erred in allowing Mr. Randazzo to claim the minor child as an exemption on his federal and state income taxes pursuant to LSA-R.S. 9:315.18.[9] She asserts that the trial court did not undertake a determination of who would be entitled to the deductions under |Tnthe statute and that no thought or deference was given to the provisions of LSA-R.S. 9:315.18.[10]
*29 The claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of the statute and presumes an order of support. LSA-R.S. 9:815.18. After thoroughly reviewing the record before us, there is no child support obligation by either party, and both parties acknowledge that a rule for support is pending. Thus, until there is an order of child support, we are unable to determine who is entitled to claim the federal and state tax dependency deductions under LSA-R.S. 9:315.18B. Accordingly, we vacate that portion of the trial court’s judgment.
Lastly, Ms. Prosperie contends that the trial court erred in awarding Mr. Randazzo attorney fees in this matter. The trial court awarded $500.00 in attorney fees, as well as costs of court.
Louisiana Revised Statutes 9:355.6 currently provides:
The court may consider a failure to provide notice of a proposed relocation of a child as:
(1) A factor in making its determination regarding the relocation of a child.
(2) A basis for ordering the return of the child if the relocation has taken place without notice or court authorization.
(3) Sufficient cause to order the person proposing relocation to pay reasonable expenses incurred by the person objecting to the relocation.
Louisiana Revised Statutes 9:355.6 was amended by Acts 2012, No. 627, effective August 1, 2012. Ms. Prosperie argues that by specifically removing the language “and attorney fees” after “reasonable expenses,” the legislature Inintended to remove the objecting parent’s ability to obtain attorney fees.[11] Mr. Randazzo argues, however, that that there is no proof that that was the intention of the legislature.
The starting point in the interpretation of any statute is the language of the statute itself. Fransen v. City of New Orleans, 08-0076 (La.7/1/08), 988 So.2d 225, 241. The words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11; Cleco Evangeline, LLC v. Louisiana Tax Comm’n, 01-2162 (La.4/3/02), 813 So.2d 351, 354. It is well settled that a statute should be construed according to the fair import of its words taken in their usual sense. Fransen, 988 So.2d at 241; Cleco Evangeline, LLC, 813 So.2d at 354.
With regard to LSA-R.S. 9:355.6, we must agree with Ms. Prosperie. While the trial court may consider the failure to provide notice of a proposed relocation as a factor in making its determination regarding the location of the child or as a basis for ordering the return of the child if the relocation has occurred without notice, a plain reading of the current version of the statute does not allow for the recovery of attorney fees. The legislature’s elimination of the words “attorney fees” cannot be without meaning, and we therefore find that attorney fees are not recoverable under LSA-R.S. 9:355.6.
However, Mr. Randazzo contends that although LSA-R.S. 9:355.6 does not *30 apply, LSA-R.S. 9:355.19 is the applicable statute, entitling him to sanctions for an unwarranted or frivolous proposal to relocate. Mr. Randazzo maintains that pursuant to LSA-R.S. 9:355.19, he is entitled to attorney fees, arguing that the relocation was performed in bad faith and to harass him. He asserts that he had li2no other choice but to file suit objecting to the relocation, significantly increasing the cost of litigation.
Louisiana Revised Statutes 9:355.19 provides:
A. After notice and a reasonable opportunity to respond, the court may impose a sanction on a person proposing or objecting to a proposed relocation of a child if it determines that the proposal or objection was made:
(1) For the purpose of harassing the other person or causing unnecessary delay or needless increase in the cost of litigation.
(2) Without a basis in existing law or on the basis of a frivolous argument.
(3) In violation of Code of Civil Procedure Article 863(B).
B. A sanction imposed under this Section shall be limited to what is sufficient to deter repetition of such conduct. The sanction may consist of reasonable expenses and attorney fees incurred as a direct result of the conduct.
A trial court’s determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Slaughter v. Board of Sup’rs of Southern University and Agr. and Mechanical College, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469, unit denied, 11-2112 (La.1/13/12), 77 So.3d 970.
In this matter, the trial court made no specific findings as to the cause regarding the award of sanctions.[12] Upon our own review of the record, we do not find that the relocation was for the purpose of harassing Mr. Randazzo or causing unnecessary delay. However, Ms. Prosperie’s failure to send the notice required by LSA-R.S. 9:355.4 may have needlessly increased the cost of litigation. Accordingly, we cannot find that the trial court lacked a reasonable factual basis for the imposition of sanctions, and the trial court’s decision to impose sanctions was not clearly wrong. Therefore, we affirm the trial court’s judgment awarding $500.00 in attorney fees.
| ^CONCLUSION
For the above and foregoing reasons, the December 18, 2012 judgment of the trial court is affirmed in part, amended in part, and vacated in part. Costs of this appeal shall be shared equally by the parties.
JUDGMENT AFFIRMED IN PART, AMENDED IN PART, AND VACATED IN PART.
MeDONALD, J., concurs.

. In December 2011, Ms. Prosperie’s parents moved to Katy, Texas from Houma due to her father's employment.

. Mr. Randazzo’s petition was entitled: "Petition for Paternity and Custody and Rule to Show Cause Why the Child Should Not Be Returned to Lafourche Parish, Attorneys Fees and Costs and Objection to Relocation Pursuant to the Statute 9:355.1 et seq. & La.Code of Civil Procedure art. 3945.”

. At the beginning of the trial, the following discussion took place:
BY THE COURT: All right, so you don’t have to go into the fact that there is a technical violation of it.
BY MS. ROBICHAUX: I'm sorry?
BY THE COURT: We don’t have to go into the fact that there has been a technical violation.
BY MS. ROBICHAUX: Okay.
After all the testimony and evidence had been presented, the court then stated:
BY THE COURT: All right, there is no question that the young lady has violated the letter of the law. I think Mr. Spence, you would agree with that?
BY MR. SPENCE: I have already stipulated to that.

.Louisiana Civil Code article 134 provides:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
*25 (7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.

. Louisiana Revised Statutes 9:355.14 provides:
A. In reaching its decision regarding a proposed relocation, the court shall consider all relevant factors in determining whether relocation is in the best interest of the child, including the following:
(1) The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child's life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development.
(3) The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s views about the proposed relocation, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party.
(6) How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.
(7) The reasons of each person for seeking or opposing the relocation.
(8) The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.
(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and com *26 munity property, and alimentary obligations.
(10) The feasibility of a relocation by the objecting person.
(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation. (12)Any other factors affecting the best interest of the child.
B. The court may not consider whether the person seeking relocation of the child may relocate without the child if relocation is denied or whether the person opposing relocation may also relocate if relocation is allowed.

. While some of the trial court’s questioning and comments were clearly not pertinent to the determination of the child’s best interest, it nevertheless appears that the trial court considered the factors set forth in LSA-C.C. article 134 and LSA-R.S. 9:355.14.

. We note that once the child reaches school age, the current equal physical custody arrangement may no longer be practical or workable,

. Louisiana Revised Statutes 9:335 provides:
A.(1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents, (b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
(3) The implementation order shall allocate the legal authority and responsibility of the parents.
B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
C. If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the same rights and responsibilities as are conferred on them by the provisions of Title VII of Book I of the Civil Code.

. Louisiana Revised Statutes 9:315.18 provides, in pertinent part:
A. The amounts set forth in the schedule in R.S. 9:315.19 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided in Subsection B of this Section.
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
(2) The child support order shall:
(a) Specify the years in which the party is entitled to claim such deductions.
(b) Require the domiciliary party to timely execute all forms required by the Internal Revenue Service authorizing the non-domiciliary party to claim such deductions.

. The entire discussion regarding the exemptions was, as follows:
BY MS. ROBICHAUX: Wait-I asked for the income tax exemption.
BY THE COURT: I’m sorry?
BY MS. ROBICHAUX: The income tax exemption—
BY THE COURT: Granted.
BY MR. SPENCE: Note our objection, Your Honor.

. Before the amendment, LSA-R.S. 9:355.6 provided:
The court may consider a failure to provide notice of a proposed relocation of a child as:
(1)A factor in making its determination regarding the relocation of a child.
(2) A basis for ordering the return of the child if the relocation has taken place without notice or court authorization.
(3) Sufficient cause to order the parent seeking to relocate the child to pay reasonable expenses and attorney fees incurred by the person objecting to the relocation. (Emphasis added.)

. Following argument by counsel, the trial court stated:
BY THE COURT: All right, the Court is awarding attorney's fees in the amount of $500.00 — even though it may not cover it— and costs of court.