HIGGINBOTHAM, J.
| sIn this child custody matter, the father appeals a judgment that granted the mother’s request to relocate with the children.
FACTS AND PROCEDURAL HISTORY
Karen Leslie Bailey and Beaux' Bailey were married on July 16, 2005, in Alabama and subsequently established their domicile in Denham Springs, Louisiana. They had two children together. On November 4, 2013, Leslie filed a petition for divorce in which she requested joint custody of the children, that she be designated domiciliary parent, and that she be given permission to relocate with the children to Boone-ville, Mississippi, where she grew up and where her parents and brother currently live.[2] Beaux answered the petition, also requesting joint custody and to be designated domiciliary parent, as well as contesting Leslie’s request to relocate. At the time of the proceeding in the trial court, Cannon was three years old and Londyn was one year old.
This matter came before the trial court for an initial setting of custody and to consider Leslie’s relocation request. After the hearing, the trial court granted Leslie’s request to relocate, awarded the parties joint custody of the children, and designated a custody and holiday schedule. Beaux was awarded custody of the children every other weekend during the school year, primary custody during the summer, with Leslie getting the children every other weekend, and 70% of the school holidays. A judgment was signed in conformity with the trial court’s ruling on December 17, 2014.[3] It is from this judgment that Beaux appeals contending that | jthe trial court erred in granting Leslie’s request to relocate because the trial court did not consider the factors laid out in La. R.S. 9:355.14 in determining whether the proposed relocation was in the best interest of the children, and in not awarding domiciliary status to either parent.
LAW AND ANALYSIS
I. Relocation
As in judicial determinations involving children in the context of divorce, adoption, and termination of parental rights, Louisiana’s relocation statutes retain the “best interest of the child” standard as the fundamental principle' governing decisions made pursuant to its provisions. See La. R.S. 9:355.14(A). Pursuant to La. R.S. 9:355.10, the relocating parent has the burden of proving that the proposed relocation is: (1) made in good faith; and (2) in the best interest of the child. La. R.S. 9:355.14 sets forth the factors the court shall consider in determining whether the proposed relocation is in the best interest *99 of the child. The factors set forth in-the statute are as follows:
A. In reaching its decision regarding a proposed relocation, the court shall consider all relevant factors in determining whether relocation is in the best interest of the child, including the following:
(1) The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child’s life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development.
(3) The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s views about the proposed relocation, taking into consideration the age and maturity of the child.
ls(5) Whether there is an established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party.
(6) How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity.
(7) The reasons of each person for seeking or opposing the relocation.. ■
(8) The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.
(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and community property, and alimentary obligations.
(10) The feasibility of a relocation by the objecting person.
(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation.
(12) Any other factors affecting the best interest of the child.
B. The court may not consider whether the person seeking ’ relocation of the child may relocate without the child if relocation is denied or whether the person opposing relocation may also relocate if relocation is allowed.
(Emphasis added.)
The statute governing contested relocations mandates that all of the relevant factors set forth be considered by the court. It does not, however, direct the court to give preferential consideration to certain factors. Further, the trial court’s failure to expressly analyze each factor in its written or oral reasons does not constitute an error of law such that de novo review is appropriate. Gathen v. Gathen, 2010-2312 (La.5/10/11), 66 So.3d 1, 9. Where the trial court has considered the factors .listed under La. R.S. 9:355.14 in determining whether relocation is in the best interest of the children, this determination is reviewed for abuse of discretion. Id. However, [¿where one or more trial court legal errors interdict the fact-finding process; the appellate court should then make its own independent de novo review of the record. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735.
*100 In its ruling, the trial court made no mention of the factors for relocation, or whether Leslie’s decision to relocate was made in good faith. The trial court stated:
I think that you both are good parents. I don’t have a problem with either one of you as a parent. And those are the hardest case's that I have to do.... In this case, [Leslie], you have the right to relocate to Booneville, Mississippi, and you have a right to take your children with you. , , .
After . making its ruling, the trial court discussed the holiday and custody schedule with the parties.
Although it is not necessary for the trial court to expressly analyze each of the relocation factors in its written or oral reasons, the trial court shall consider the relevant factors set forth in La. R.S. 9:355.14.. In this case, the trial court did not give written reasons for judgment, and only very briefly gave the foregoing oral reasons for judgment. It is apparent from the record that the trial court did not consider the relocation statutes, or any of the relevant relocation factors, to determine whether the proposed relocation was in the .best interest of the children. In this case, the trial court’s failure to conduct any analysis of the relevant relocation factors enumerated in the contested relocation statute constitutes légal error. For that reason, we review this matter de novo and analyze the relevant relocation factors. See Trahan v. Kingrey, 2011-1900 (La.App. 1st Cir.5/4/12), 98 So.3d 347, 351, writ denied, 2012-1586 (La.8/1/12), 92 So.3d 351; see also Ramirez v. Hite, 2015-1179 (La.App. 1st Cir.12/23/15) (unpublished), 2015 WL 9466920, *4.
During the marriage, Leslie, .a stay-at-home mom, was the primary caretaker of Cannon, including feeding him, bathing him, and taking him to doctors’ appointments. The parties separated shortly before the birth of Londyn, and after the separation Leslie continued, by agreement, to be the primary caretaker of both 17children. The parties maintained a non-court ordered custody schedule whereby Beaux had Cannon every other weekend and Londyn two to three hours every Monday, Wednesday, and Friday, and three to four hours every Saturday and Sunday. The testimony revealed that although Leslie was the children’s primary day to day caretaker, Beaux was an involved and loving father to both Cannon and Londyn. Several witnesses described the caring relationship Beaux shared with the children, and testified that he took care of all the children’s needs. Beaux is very close to his family, and he and the children spend' a lot of time with them. His parents, and his sister and brother-in-law who have two young children, live close to Beaux. Beaux testified that Cannon and his cousins are best friends.
In this case, preserving a good relationship between Beaux and the children through suitable physical custody or visitation arrangements would be very difficult because Booneville, Mississippi is a five and one-half hour drive from Denham Springs, Louisiana. Although the trial court awarded Beaux substantial time with the children, it. requires them being in the car for eleven hours each custodial weekend, and prevents the children from having Beaux involved in their schooling, extracurricular activities, and as part of their day-to-day lives. Daily involvement of both parents is especially important to the development of these young children who are currently five and two years old.
Leslie testified that she wanted to relocate to Booneville to be closer to her parents and support system. She did not introduce any evidence about what advantages, such as financial or emotional benefit and educational opportunity,. moving *101 there would provide for her children; She was planning to stay at home, with the children in Booneville, thus her economic circumstances and employment circumstances were not going to change whether or not she relocated. Beaux testified that he opposed the relocation because he has an “unbelievable connection” with his children and believes that it would be better for his children to have access | sto both parents. Beaux and other witnesses testified about Beaux and his children’s extensive involvement with his church.
Beaux co-owns the companies he works for, and he earns a good income. His job gives him some flexibility if the children need him, and he has several family members available to help if needed. However, it is not feasible for him to also relocate. Although Beaux was not paying court-ordered child support, he consistently provided substantial financial support to Leslie by paying for the home she lived in with the children, medical and car insurance, groceries, and other bills.
A de novo. analysis of the relevant factors in light of undisputed evidence in the record leads to .the inescapable conclusion that the trial court erred in granting Leslie’s relocation request. What the record reveals is that. while Leslie’s relocation may serve her best interest, a careful review of the relevant factors laid out in La. R.S. 9:355.14 shows that the best interest of these young children is clearly served by having both of these loving and involved parents be a part of their everyday lives and activities. For these reasons, we find Leslie failed to meet her burden of proving that the relocation was in the best interest of-the children, and we reverse the portion of the judgment granting Leslie’s request to relocate.
II. Domiciliary Parent
In Beaux’s second assignment of error he contends that the trial court erred in not granting domiciliary status to him. In this case, the trial court did not name a domiciliary parent, nor did it allocate legal authority and responsibilities of the parents as required by La. R.S. 9:335. Louisiana Revised Statutes 9:335(B) provides for only two circumstances in which a court may decline to name a domiciliary parent in a joint custody context, that is, when “there is an implementation order to the contrary or for other good cause shown.” See Wolfe v. Hanson, 2006-1434 (La.App. 1st Cir.5/2/08), 991 So.2d 13, 17, writ denied, 2008-1205 (La.6/27/08), 983 So.2d 1292. Because the trial court did not provide an implementation order, find |flgood cause for not naming a domiciliary parent, or name a domiciliary parent, the trial court abused its discretion. See Randazzo v. Prosperie, 2013-0704 (La.App. 1st Cir.9/13/13), 135 So.3d 22, 28. In order to guarantee that both parties can present the best and most current evidence to be considered in determining domiciliary status, we find it appropriate to remand this issue to the trial court, unless the parties agree otherwise. This court does find that Leslie and Beau shall have equal authority in making all major decisions affecting the children, including but not limited to medical decisions, and decisions regarding education, daycare, and extra-curricular activities.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reverséd in part insofar as it granted Leslie’s request to relocate her residence and the residence of the children. The children are to be immediately returned to Livingston Parish. The judgment is.amended to give both parents equal authority in making all major decisions regarding the children. Unless the parties agree otherwise, the issue of domi *102 ciliary status is remanded to the trial court in order to address the parties’ requests to be named domiciliary parent. Because the assignments of error only addressed relocation and domiciliary parent, no other provisions in the judgment were considered. All costs of the appeal are assessed against the appellee, Leslie Bailey.
REVERSED IN PART, AMENDED IN PART, AND REMANDED.
PETTIGREW J. concurs with results only.

. Leslie filed a second petition for divorce based on adultery on May 19, 2014.

. A motion for new trial was filed by Beaux on January 6, 20IS. The motion for new trial was heard on March 24, 2015, and written reasons for judgment denying the motion for new trial were issued on October 9, 2015. The judgment denying the motion for new trial was signed on December 9, 2015.