ROYAL INS. CO., LTD., v. ROMAIN MOTOR CO., INC.

(February 11, 1929. Opinion and Decree.)

J. M. Brittingham, Jr., of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams, Jr., of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant company, at the request of Leon Pfeiffer, undertook to make certain repairs to his Pierce-Arrow automobile.

Before commencing the repairs it was necessary to clean the outside of the motor of the car, and, in an effort to do this, a mechanic in defendant's employ was scrubbing the motor with a brush which he dipped from time to time in either gasoline or kerosene. There is some dispute as to which was being used. The brush used was an ordinary paint brush bound with a metal band. In some manner the band of the brush came in contact with one of the connections of the starting

motor and formed an electrical circuit with the battery, which had not been disconnected. This electrical contact caused sparks to fly and these sparks ignited the liquid which was being used, the result being that the car was rather seriously damaged by fire. Fortunately there were fire extinguishers readily accessible and the fire was put out after it had burned only a minute or a minute and a half.

Plaintiff company had issued to Pfeiffer a fire insurance policy and it adjusted the loss and paid to the assured, Pfeiffer, the agreed sum of $387.50.

At the time of payment the insurer obtained from the assured a written subrogation to all of the assured's rights against the defendant, and this suit is the result.

Plaintiff alleges that the fire resulted from the negligence of defendant company.

Defendant contends that the motor was being washed in the usual and customary way and that as defendant was a bailee for the mutual benefit of both parties, it is not liable, but would only be liable for negligence.

Whether there is any difference between the liability of a bailee for hire and the liability of what defendant terms a "bailee for the mutual benefit of both parties," we find it unnecessary to determine, because either is liable for his own negligence, and we feel that the fire which we have described resulted from the negligence either of defendant himself, in allowing the motor to be washed with kerosene or gasoline with the battery connected, or from the negligence of the servant of defendant in carelessly striking his brush against the electrical contact point. While some shops do not disconnect the battery before washing the motor, the evidence leaves us convinced that by far the safer practice is to follow the method advocated by a great many of the shops, that is to say, by disconnecting the battery wires. If, then, defendant was negligent, it is liable whether it be a bailee for hire or a bailee "for mutual benefit," or even a gratuitous bailee.

The judge a quo allowed plaintiff $237.50, but disallowed the claim of $150.00 for damage to the motor. There is in the record no substantial proof of any damage to the motor, and the mere fact that an insurance company sees fit, in adjusting a loss with its assured, to agree with him on an arbitrary amount, not based on actual proof, does not render the party responsible for the loss liable for that amount, or, in fact, for any amount not actually proven. Not only is there no proof that the motor was damaged to the extent set forth, but, on the contrary, there is proof out of the mouth of plaintiff's own witness, Guarina, an automobile expert, that the motor in all probability would not have been damaged as a result of a fire which lasted for so short a time.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.