830 So.2d 1083 (2002)
Elias COTRELL, Randolph Scott, Pierre Curry, Pamela Davis, Lawrence Parker and William Severin
v.
DIVISION OF HOUSING AND NEIGHBORHOOD DEVELOPMENT.
No. 2002-CA-0816.
Court of Appeal of Louisiana, Fourth Circuit.
October 16, 2002.
Thomas W. Milliner, New Orleans, Counsel for Plaintiff/Appellant.
Franz L. Zibilich, Chief Deputy City Attorney, Joseph V. DiRosa, Jr., Deputy City Attorney, Mavis S. Early, City Attorney, New Orleans, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, Judge DAVID S. GORBATY.
BYRNES, Chief Judge.
The appellants, Elias Cotrell, Randolph Scott, Pierre Curry, Pamela Davis, Lawrence Parker and William Severin, appeal a decision of the Civil Service Commission rendered on March 5, 2002. The appointing authority-defendant is the Division of Housing and Neighborhood Development, hereinafter referred to sometimes as the "DHND."
On November 20, 1997, the Civil Service Commission ordered a hearing to gather evidence regarding the following issues:
*1084 1. Whether the appellants were unlawfully transferred without good reason and against their will from one appointing authority to another in violation of Civil Service Rules;
2. Whether the functions of the former positions of the appellants were assigned to unclassified employees in violation of civil service rules.
The Civil Service Commission ruled against the appellants on both of these issues. The appellants appealed directly to this Court. The Civil Service Commission filed an exception to the jurisdiction of this Court on the grounds that the appellants should have first appealed to the District Court. Appellants invoke the jurisdiction of this Court pursuant to La. Const. Art. X, § 8, Appeals, which provides that:
(A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this part....
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part....
As may be seen from the La. Const. Art. X, § 8, the appellate rights referred to relate only to disciplinary actions and discrimination actions. Those appeals are governed by La. Const. Art. 10, § 12, referred to in boldface above, which provides that the appeals shall be to the Court of Appeal. However, it is uncontested that the instant does not involve either disciplinary actions or discrimination actions.
On the other hand it would appear that the City Civil Service Commission is not covered by the Administrative Procedure Act, La. R.S. 49:950, et. seq. The definition of "Agency" found in La. R.S. 49:951(2) is limited to state agencies and would not include the City Civil Service Commission. George v. Department of Fire, 93-2421, p. 8 (La.App. 4 Cir. 5/17/94), 637 So.2d 1097, 1103. Appellants argue Administrative Procedures Act dictating that this means that the provisions of the Administrative Procedures Act dictating that appeals be made first to the district court do not apply to the instant case. We stand by our statement in George that the Administrative Procedures Act does not apply to the City Civil Service Commission, but that statement must be viewed in the context in which it was made. The action in George was an appeal from a disciplinary decision of the Civil Service Commission and, as already noted above, the Louisiana Constitution specifically provides for direct appeal to this court from such disciplinary decisions. La. Const. Art. X, § 8 and La. Const. Art. 10, § 12. Additionally, the question before this Court in George was whether the City Civil Service Commission had to conform to the hearing and notice requirements of the Administrative Procedures Act. This Court decided that the answer to that question was "no," but the question of whether there is a right of direct appeal to this Court from the decisions of the City Civil Service Commission was not before this Court in George; and that is an entirely different issue.
However, in a more recent case this Court dismissed an appeal from a City Civil Service Commission, holding that: "Because this court has no jurisdiction over the appeal, it is dismissed." Carbonnet v. Department of Civil Service, 97-1187, p. 2 (La.App. 4 Cir. 1/28/98), 706 *1085 So.2d 1063. This Court concluded with the statement that:
Parenthetically[1] we note that appellants' request to sit in the exam became moot when the exam was over. Their alternative request for a hearing was granted so they have nothing to complain about. Their sole remedy is to apply to sit for the next captain's examination. They cannot sit for the one that took place.
"In any event, appellants in their own brief state that this court's jurisdiction is based upon Art X, § 12(B) of the Constitution. That section applies only to "removal and disciplinary cases." Appellants argue that it is a disciplinary case but it is not. It is an appeal from an administrative decision of the Commission concerning the conduct of a promotional test.
Accordingly, this appeal is dismissed. Id., p. 3, 706 So.2d at 1064.
The appellants contend that this Court's holding in Carbonnet was based on the mootness of the plaintiff's case, and not on lack of jurisdiction because of the administrative, non-disciplinary nature of the action of the City Civil Service Commission. However, appellants' contention flies in the face of this Court's characterization in Carbonnet of its reference to the mootness of the case as being parenthetical only, and the fact that, more significantly, at the outset of the opinion this court states that it is dismissing the case for lack of jurisdiction.
Accordingly, we find that Carbonnet relates much more directly to the precise issue before this court in the instant case than does George and, therefore, is the only case of any direct persuasive authority on this issue.
The appellants cite Rules and communications from the City Civil Service Commission instructing them to appeal to this Court in support of their contention. These Rules and communications do not have the power to confer appellate jurisdiction on this Court.
Appellants make a stronger argument by reference to La. Const. Art. 5, § 16(B) which sets forth the appellate jurisdiction of the district courts as follows: "A district court shall have appellate jurisdiction as provided by law." The City Civil Service Commission has referred this Court to no specific law conferring appellate jurisdiction on the district court for non-disciplinary, non-discriminatory decisions of the City Civil Service Commission, except the Administrative Procedures Act, which this Court determined in George to be inapplicable.
La. Const. Art. 5, § 10(A) defines the jurisdiction of appellate courts as follows:
Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in worker's compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.
This constitutional definition of appellate court jurisdiction provides no definitive answer to the question before us. Because La. Const. Art. 5, § 10(A) refers specifically to appeals from "administrative agency determinations in worker's compensation matters," an inclusio unius est exclusio alterius argument can be made that the Louisiana Constitution contemplates that administrative agency decisions will normally *1086 be appealed first to the district court. Similarly, applying an inclusio unius est exclusio alterius argument to the provisions of La. Const. Art. X, § 8 and La. Const. Art. 10, § 12 which contain specific language regarding the right of appeal directly to this from disciplinary decisions of the City Civil Service Commission, one would conclude that the inclusion of such specific rights to appeal to this Court in disciplinary and discrimination cases would imply that such a direct right of appeal to this Court would not lie as to other matters. To put it another way, if there be no appeal to the district court in non-disciplinary matters in the absence of specific legislation, then there would be no need to provide for appellate jurisdiction in La. Const. Art. X, § 8 and La. Const. Art. 10, § 12, because such appeal rights would be automatic under the general jurisdiction of this Court found in Art. 5, § 10(A).
In Star Enterprise v. State Through Dept. of Revenue and Taxation, 95-1980, p. 10-12 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 832-833, the court rejected the argument of the Department of Revenue and Taxation that because the judicial review provision of Administrative Procedures Act was not made applicable to the Department of Revenue and Taxation that the district court had no authority to review and enjoin the enforcement of its rules. The court found that the general original jurisdiction of the district court was broad enough to encompass such a right of review and that, "The legislature could not, by statute, divest the trial court of its constitutional subject matter jurisdiction..." Id., p. 12, 676 So.2d at 833. The analogy of the instant case to Star Enterprise is not perfect, but Star Enterprise does show that the courts will find jurisdiction for review of administrative matters even in the absence of specific authority.
Although there may have been City Civil Service Commission cases appealed directly to this Court in the past that one might argue were not truly disciplinary or discriminatory in nature, the only one we find in which the instant jurisdictional issue was raised is Carbonnet, supra. In the absence of definitive authority to the contrary, we will be guided by Carbonnet and, therefore, hold that appellants must first take their case first to the district court before coming here.
As the appeal to this Court was made pursuant to the Rules and directives of the Civil service Commission, plaintiffs are now permitted to file in the district court. To allow the defendant to raise the issue of untimeliness would be unconscionable under the circumstances.
Likewise, the plaintiffs are not barred from raising the issue of existence of improperly constituted unclassified positions in the Division of Housing and Neighborhood Development in view of admission by the Civil Service Commission that:
Within the DHND are a number of unclassified positions that the Department of Civil Service has determined actually belong in the classified service. This has been the case for decades. However, the City and the Commission have agreed not to do anything about this problem at the present time.
The City and the Commission do not have the right to refuse to correct a known abuse simply by ignoring it and then denying those who may be affected by such a dubious decision the right to complain about it.
For the foregoing reasons, appellants' appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED
NOTES
[1] Emphasis added.