984 So.2d 785 (2008)
STATE of Louisiana
v.
Willie James JONES.
No. 2007 KA 1458.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
*786 Walter P. Reed, District Attorney, Covington, LA, Kathryn W. Landry, Assistant District Attorney, Baton Rouge, LA, for Appellee State of Louisiana.
Frederick H. Kroenke, Jr., Baton Rouge, LA, for Defendant/Appellant Willie James Jones.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Defendant, Willie James Jones, was charged by bill of information with one count of aggravated incest, a violation of LSA-R.S. 14:78.1, and entered a plea of not guilty. Following a jury trial, he was found guilty as charged. Thereafter, the state filed a multiple offender bill of information against defendant, alleging he was a fourth-felony habitual offender.[1] Defendant *787 moved for a new trial and for a post-verdict judgment of acquittal, but the motions were denied. Following a habitual offender hearing, he was adjudged a fourth-felony habitual offender under LSA-R.S. 15:529.1A(1)(c)(ii), and was sentenced to imprisonment for the remainder of his natural life without benefit of parole, probation, or suspension of sentence. Defendant then moved for reconsideration of sentence, but the motion was denied. He now appeals, designating one assignment of error. We affirm the conviction, the habitual offender adjudication, and the sentence.

FACTS
The victim, J.J.,[2] testified at trial that she was sixteen years old. She indicated that the incident occurred while defendant, her mother's brother, was living with her family in Mandeville. On the day in question, the victim entered the washroom of her home to remove clothes from the dryer. Defendant had gone into the washroom before the victim and when the victim entered, she saw defendant with his penis in his hand. The victim left the washroom, but returned after defendant went outside. While the victim was removing clothes from the dryer, defendant entered the washroom, covered the victim's mouth with his hand, pulled her pajama bottoms and panties down, and put his penis in her vagina.
In a recorded telephone call, the victim told defendant "the secret" was eating her up and she wanted to tell her parents. Defendant pleaded with the victim not to tell anyone because, if she told on him, he would go back to jail. The victim responded, "If I tell that you had sex with me?" and defendant replied, "I was bad. We ain't supposed to did that."
Defendant testified at trial that the victim was lying about the incident because he had caught her talking on her computer to a man "quite older than [the victim]." Defendant claimed he was on medication when the victim telephoned him, and he did not recall speaking to her on the telephone.

EXCESSIVE SENTENCE
In his sole assignment of error, defendant argues the sentence imposed upon him was unconstitutionally excessive because he committed the predicate offenses over twenty years before the instant offense, and the instant offense carried a maximum sentence of twenty years.
Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, *788 99-2868, pp. 10-11 (La.App. 1 Cir. 10/3/00), 797 So.2d 75, 83, writ denied, 00-3053 (La.10/5/01), 798 So.2d 962.
In order for a trial court to depart from a mandatory minimum sentence, the defendant must clearly and convincingly show that "[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676.
A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years not more than twenty years, or both. LSA-R.S. 14:78.1 D (prior to amendment by 2006 La. Acts No. 325, § 2).
Prior to revision in 2006 by the Louisiana State Law Institute, LSA-R.S. 15:529.1, in pertinent part, provided:
A. (1) Any person who, after having been convicted within this state of a felony . . . thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
. . .
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
. . .
(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, . . . or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Defendant was adjudicated a fourth-felony habitual offender and sentenced to imprisonment for the remainder of his natural life without benefit of parole, probation, or suspension of sentence. In imposing sentence, the court stated that in view of finding defendant a fourth-felony habitual offender, on the basis that two of his prior offenses were crimes of violence under LSA-R.S. 14:2 B, that the instant offense was a sex offense under LSA-R.S. 15:540, et seq., when the victim was under the age of eighteen at the time of the commission of the offense, and that another of defendant's prior offenses was punishable by imprisonment for twelve years or more, and, after reviewing the pre-sentence investigation (PSI) report prepared in the matter, the court found absolutely no reason to deviate from the mandatory sentence under LSA-R.S. 15:529.1A(1)(c)(ii).
Additionally, the court noted that under LSA-C.Cr.P. art. 894.1, even if probation was available to defendant, it would be denied because there was an undue risk that during a period of probation defendant would commit another crime, and, in fact, he had committed the instant offense shortly after being paroled or released from prison; defendant was in need of correctional treatment in a custodial environment that could be provided most effectively by his commitment to an institution; and a lesser sentence in a case such as the instant case for a defendant with a criminal record such as defendant's criminal record would deprecate the seriousness of *789 the offense. See LSA-C.Cr.P. art. 894.1 A.
The PSI set forth the following recommendation:
[Defendant's] first conviction was for [s]imple [b]urglary, for which he received a suspended sentence with probation. The probation was revoked after another conviction, [a]ggravated [b]attery. A few months after completing parole from his first two felonies, [defendant] committed [s]imple [b]attery and [a]rmed [r]obbery. He was convicted of one from a string of similar [a]rmed [r]obberies where he was positively identified by each victim. In each of the three [a]rmed [r]obberies, the assailant(s) fired a weapon, in a display of gratuitous violence, despite the compliant actions of each of the victims.
After serving two decades in prison, [defendant's] criminal activities were not deterred. Within a month of parole release from his 40 year hard labor sentence on the [a]rmed [r]obbery, [defendant] was charged with rape of his niece.
[Defendant's] criminal history shows a marked progression of violence. He began with a property crime and an accusation of drug offenses. He then committed crimes against the person; [a]ggravated [b]attery and [a]rmed [r]obbery. Now, he is facing sentencing for a sex crime where the victim is a juvenile.
Due to the severity of his criminal history and the gravity of the instant offense, there can only be one recommendation concerning sentencing:
In the interest of public safety, we recommend that [defendant] never know another moment of freedom, for the rest of his life.
In the instant case, defendant failed to clearly and convincingly show that because of unusual circumstances he was a victim of the legislature's failure to assign sentences that were meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. Accordingly, there was no reason for the trial court to deviate from the provisions of LSA-R.S. 15:529.1A(1)(c)(ii) in sentencing defendant. Further, the sentence imposed was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive. This assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] Predicate # 1 was set forth as defendant's May 5, 1986 guilty plea, under Twenty-second Judicial District Court Docket # 145771, to armed robbery. Predicate # 2 was set forth as defendant's December 23, 1981 guilty plea, under Twenty-second Judicial District Court Docket # 94232, to aggravated battery. Predicate # 3 was set forth as defendant's January 7, 1980 guilty plea, under Twenty-second Judicial District Court Docket # 73095, to simple burglary.
[2] The victim is referenced herein only by her initials. See LSA-R.S. 46:1844(W).