HANS J. LILJEBERG, Judge.
12Defendanb-Employer, Louisiana-I Gaming, A Louisiana Partnership in Com-mendam d/b/a Boomtown Casino (“Boom-town”), appeals the decision of the Office *21 of Workers’ Compensation granting medical benefits, supplemental earning benefits, penalties, and attorney’s fees to claimant, Letress Washington. For the following reasons, we affirm, in part and reverse in part.

Procedural History

On July 13 and 15, 2013, claimant filed two disputed claims for workers’ compensation relative to two slip-and-fall accidents, asserting that no benefits were being authorized by defendant-employer, Boomtown. On September 9, 2013, the matters were consolidated. On October 23, 2013, the parties entered into a consent judgment, which ordered Boomtown to authorize and pay for an initial evaluation and report of Dr. F. Allen Johnston and Dr. William Alden. A trial on the merits was heard on November 25, 2013, before the Office of Workers’ Compensation. laOn January 24, 2014, the workers’ compensation judge rendered judgment in favor of claimant. Boomtown now appeals.
Facts
The basic facts of this case are undisputed. Claimant previously was employed by the Marriott Hotel for 37 years in a supervisory, janitorial role. At the age of 62, claimant retired and collected Social Security retirement benefits. Claimant thereafter became restless with retirement and sought employment with Boomtown, located on the West Bank of Jefferson Parish. Boomtown hired claimant on March 23, 2013, to work in the capacity of a cook. Claimant’s essential functions as a cook required that she “lift, carry, and push/pull up to 50 pounds so as-to be able to move and stock all necessary supplies.”
At trial, the parties stipulated that claimant sustained injuries in two slip-and-fall accidents while employed with Boom-town. The first incident occurred on May 5, 2013, when she slipped on a wet, kitchen floor. Claimant testified that her lower back, neck, and right shoulder were bruised and sore. Claimant reported the incident to Boomtown and was sent to West Jefferson Industrial Medical Center for treatment, where she was diagnosed as having a contusion of the hand and a lumbar strain. Claimant testified that the doctor took X-rays and prescribed Ibuprofen for the pain and released her back to full. duty work. Claimant was unsatisfied with the doctor’s treatment and went to see her primary care physician, Dr. Allen Brown, on May 7, 2013. Dr. Brown explained to claimant that he did not handle workers’ compensation claims, but ultimately wrote her a slip that she could not lift. over. 15 pounds until May 13, 2013. Claimant testified that she did not give the slip to Boomtown and returned' to her regular duties. She testified that she was able to complete most of her duties with a little help with the lifting from Rfellow employees; however, she still complained of soreness in her lower back, neck, and right hand.
The second incident occurred on July 6, 2013. Claimant explained that she slipped on the wet, dish room in a similar fashion to the previous accident. Claimant testified that she could not immediately stand and required assistance, but did not go to the hospital. Claimant did not immediately seek a doctor until after consulting with her attorney. Claimant thereafter saw Dr. Alden upon her attorney’s referral on July 10,2013. Dr. Alden ordered physical therapy, prescribed pain medication, and returned claimant to light duty work only.
Claimant further testified that- prior to the second incident, she decided that she wished to retire and gave her two-weeks-notice to Boomtown. She explained that she did not like Boomtown’s kitchen and did not like working the graveyard shift. After the second incident, claimant did not *22 contact Boomtown regarding the accident, nor did she return to work.
The parties further stipulated that claimant’s average weekly wage was $420.00 at $10.50 per hour with a 40-hour work week.
Assignment of Error No. 1 — Supplemental Earnings Benefits
In its first assignment of error, Boom-town asserts that the workers’ compensation judge erred as a matter of law in finding that claimant is entitled to supplemental earnings benefits (“SEBs”) after the July 6, 2013 accident, and “for any time period when she earned less than 90% of her pre-injury wages.” Boomtown maintains that as a matter of law, to be entitled to supplemental earnings benefits, claimant must prove an inability to earn 90% of her pre-injury wages as a result of the accident, and that claimant did not bear that burden. We agree.
| (¡“The purpose of [SEBs] is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident.” Poissenot v. St. Bernard Parish Sheriff’s Office, 09-2793 (La.1/9/11), 56 So.3d 170, 174, citing Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551, 556. An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn 90% or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Poissenot, supra. It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i); Banks, supra at 556.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737-38. “In determining whether a [workers’ compensation judge’s] finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine all evidence that bears upon the employee’s inability to earn 90% or more of his pre-injury wages.” Poissenot, supra, citing Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1166.
The workers’ compensation judge clearly erred as a matter of law in finding that claimant is entitled, to SEBs “for any time period when she earned less than | ,¡90% of her pre-injury wages” without proof by a preponderance of the evidence that her work-related injury resulted in her inability to earn 90% or more of her average pre-injury wages. Further, upon review of the record, claimant presented no evidence that she was unable to earn 90% or more of her pre-injury wages. Although the record reflects that claimant could not return to work as a cook, Dr. Alden released claimant to light duty Work. Moreover, Ms. Jeannine Richert, Boomtown’s Risk & Safety Manager, testified that Boomtown had a bank of light duty positions throughout the casino; however, claimant did not contact Boomtown relative to any other work because she chose instead to retire. A claimant is not entitled to SEBs when her inability to earn wages equal to 90% of her pre-injury *23 wages is due to circumstances other than her work-related injury. Coleman v. Walter Indus., Inc./Jim Walter Homes, 10-1145 (La.App. 1 Cir. 2/11/11), 56 So.3d 1258, 1262.
Accordingly, we find that the workers’ compensation judge erred in finding that claimant is entitled to SEBs based on the lack of evidence presented at trial.
Assignment of Error No. 2 — Medical Benefíts
In its second assignment of error, Boomtown asserts that the workers’ compensation judge erred in finding that it failed to reasonably controvert claimant’s medical benefits after the second accident. Therefore, Boomtown argues that the workers’ compensation judge erroneously awarded penalties and attorney’s fees to claimant.[1]
At trial, claimant introduced exhibits, without objection, of medical reports, bills, and mileage reimbursement relative to her treatment for injuries sustained in the second accident. Claimant testified that Boomtown refused to authorize MRIs 17requested by both Dr. Alden and Dr. Johnston and that she did not receive reimbursement for her medical mileage. Further, Ms. Richert testified that no indemnity benefits were paid relative to the July 6,2013 accident.
In its judgment, the workers’ compensation judge found that Boomtown failed to reasonably controvert claimant’s medical benefits and diagnostic testing after the second accident; that Boomtown failed to timely pay medical benefits in a timely manner after they entered the consent judgment on October 22, 2013; and that Boomtown refused to pay medicals and indemnity benefits even when they did not contest the occurrence of the accident. Based upon these findings, the workers’ compensation judge assessed penalties in the total amount of $8,000.00 for failure to timely pay and authorize medical expenses, medication expenses, diagnostic testing, medical evaluation and treatment, and supplemental earnings benefits pursuant to La. R.S. 23.T201.[2]
Based upon the testimony and evidence submitted at trial, we find that the factual findings of the workers’ compensation judge are manifestly erroneous. No evidence, other than claimant’s self-serving testimony at trial, exists in the record that Boomtown refused to pay medicals and indemnity benefits. Further, the only evidence in the record that reflects the earliest point in which Boomtown received claimant’s medical bills or requests for authorizations is a letter with attachments, dated October 14, 2013, from claimant’s *24 attorney to Boomtown’s attorney requesting payment for medical bills, authorization for MRIs,- and reimbursement |sfor claimant’s mileage. Trial on the merits of claimant’s workers’ compensation claim was held on November 25,- 2013, less than 60 days later. - .
' Pursuant to La. R.S. 23:1201(E)(1), “medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof, if the provider of medical services is not utilizing the electronic billing rules and regulations provided. for in R.S. 23:1203.2.” No evidence in the record exists that claimant’s medical providers utilize such electronic billing. Therefore, at the time of trial, 60 days had not expired since Boomtown received notice of claimant’s medical claims. Therefore, we cannot find that Boomtown did not reasonably controvert claimant’s medicals.
Accordingly,, the workers’ compensation judge erroneously awarded penalties and attorney’s fees based on erroneous findings of fact.

Decree

' Considering the foregoing, the decision of the Office of Workers’ Compensation awarding supplemental'earnings benefits-, penalties, and attorney’s fees is reversed, The judgment is affirmed in all other respects.

AFFIRMED IN PART; REVERSED IN PART

JOHNSON, J., dissents in part with reasons.

. By stipulating that claimant had a work related accident that has necessitated medical treatment, Boomtown has rendered moot any argument that the workers' compensation judge erred in awarding "payment of all medical expenses, medication expenses, and transportation expenses, for the injuries from the two accidents.”

. La. R.S. 23:1201(F) provides in part, “[e]x-cept as otherwise provided in this Chapter, failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.”