STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-925

SOUTHLAND ENTERTAINMENT, INC. D/B/A BED
NITECLUB & LOUNGE

VERSUS

LOUISIANA DEPARTMENT OF REVENUE, OFFICE
OF ALCOHOL AND TOBACCO CONTROL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2015-4942
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks,
Elizabeth A. Pickett, Billy H. Ezell, and Van H. Kyzar, Judges.

**THIBODEAUX, Chief Judge, dissents and assigns written reasons.**

**COOKS, J., dissents for the reasons assigned by Thibodeaux, C.J., and also
assigns additional reasons.**

AFFIRMED.

Marcus A. Allen, Sr.
251 La Rue France
Lafayette, LA 70508
Telephone: (337) 289-1762
COUNSEL FOR PLAINTIFF/APPELLANT:
      Southland Entertainment, Inc.  d/b/a BED Niteclub & Lounge

**Brett A. Bonin**
**Lousiana Department of Revenue, Office of Alcohol and Tobacco Control**
**P.O. Box 66404**
**Baton Rouge, LA 70896**
**Telephone: (225) 925-4041**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Department of Revenue, Office of Alcohol**
    **and Tobacco Control**

**Jacqueline B. Wilson**
**Louisiana Department of Revenue, Office of Alcohol and Tobacco Control**
**8585 Archives Avenue, Suite 305**
**Baton Rouge, LA 70809**
**Telephone: (225) 925-4607**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Department of Revenue, Office of Alcohol**
    **and Tobacco Control**

**PICKETT, Judge.**

The Commissioner of the Office of Alcohol and Tobacco Control, Louisiana Department of Revenue ("ATC") suspended the alcohol permit of the plaintiff, Southland Entertainment, Inc. d/b/a BED Niteclub & Lounge ("Southland Entertainment"), after finding that the business was in violation of La.R.S. 26:90(A)(11).[1] Southland Entertainment appealed the Commissioner's decision pursuant to La.R.S. 26:303(A).[2] After considering the testimony and other evidence presented by the parties, the district court upheld the suspension of Southland Entertainment's liquor license and the imposition of a monetary fine. On appeal, Southland Entertainment contends that the ATC failed to submit sufficient evidence to support the penalties imposed upon it. For the following reasons, we find the district court's findings are supported by the record and affirm its judgment.

## FACTS AND PROCEDURAL HISTORY

Southland Entertainment is a dance and nightclub located in downtown Lafayette. On May 4, 2015, Agent Tyrone Banks of the ATC received a telephone complaint, alleging that Southland Entertainment may have violated La.R.S.

---

[1]La.R.S. 26:90(A)(11) states:

No person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises: . . . Illegally sell, offer for sale, possess, or permit the consumption on or about the licensed premise of any kind or type of narcotics or habit forming drugs.

[2]La.R.S. 26:303(A) states:

Any party aggrieved by a decision of the commissioner to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant's or permittee's place of business, proposed or actual, as the case may be. Such appeals shall be granted by the clerk of court on written petition together with a bond for costs. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.

26:286(A)(11)[3] by allowing controlled dangerous substances ("CDS") on the business premises. Mr. Reginald Mosley, the owner of Mosley Management, LLC, reported the complaint. Pursuant to a Consent Agreement entered into between ATC and Mr. Justin Lee, the owner of Southland Entertainment, Mr. Mosley's company was the exclusive security provider to Southland Entertainment. Mr. Mosley met with Agent Banks and expressed his concern and opinion that the ownership/management of Southland Entertainment was not fully committed to preventing the possible use of CDS, specifically marijuana, on the premises.

Following Mr. Mosley's verbal complaint, Agent Banks initiated an undercover law enforcement investigation in order to find activity to support Mr. Mosley's allegation of permitted use of CDS on the premises by the ownership, management, or employees of Southland Entertainment. As part of the investigation efforts, Agent Banks enlisted various police officers from the University of Louisiana, Lafayette Metro Narcotics Task Force, as well as other agents with the ATC, to conduct undercover surveillance at Southland Entertainment during business hours on three nights in the summer of 2015. The purpose of the surveillance was to look for any use of CDS on the premises and to observe whether any of the ownership, management, security, or employees saw and permitted the use of said illegal drugs. After each night's undercover surveillance, the officer and/or agent submitted a written report of their findings.

At the conclusion of the surveillance and investigation period, Agent Banks submitted all of the undercover investigative reports to the ATC legal department

---

[3]La.R.S. 26:286(A)(11) states:

No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises: . . . Illegally sell, offer for sale, possess, or permit the consumption on or about the licensed premises of any kind or type of controlled dangerous substances.

2

for review, whereupon the ATC issued an Administrative Citation to Southland Entertainment for two counts of violating La.R.S. 26:90(A)(11). The case initially went before the Commissioner of the ATC for an administrative hearing, after which the Commissioner concluded that Southland Entertainment had violated La.R.S. 26:90(A)(11). Southland Entertainment appealed the decision to the district court as provided in La.R.S. 26:303(A). At the conclusion of the trial, the district court upheld the suspension of Southland Entertainment's liquor license and monetary fine. Southland Entertainment appealed.

## ISSUE

Southland Entertainment's assignments of error require this court to determine whether the district court erred in upholding the Commissioner's suspension of its liquor license based on the evidence presented by the ATC.

## STANDARD OF REVIEW

To reverse a district court's finding of fact, an appellate court must find from the record that a reasonable factual basis does not exist for the finding and that the finding is clearly wrong or manifestly erroneous. *Mart v. Hill*, 505 So.2d 1120 (La.1987). Pursuant to this standard of review, the appellate court does not determine whether the district court was right or wrong, but whether its conclusion was reasonable. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

## LAW AND DISCUSSION

### Consent Agreement

Southland Entertainment first argues that the district court erred in upholding the Commissioner's suspension of its liquor license for the breach of the terms of the Consent Agreement. We find that the Consent Agreement is independent of the violations on appeal before us and is irrelevant to the merits of

the case. The rulings of the Commissioner and the district court were not based on the Consent Agreement, but on Southland Entertainment's violation of La.R.S. 26:90(A)(11). Furthermore, the terms of the Consent Agreement had expired at that time, and its stipulations are immaterial to the merits of this case.

**Evidence at Trial**

Southland Entertainment next asserts that the district court erred in granting judgment in favor of the ATC in upholding the Commissioner's suspension of the alcohol permit based on the testimony of Agent Banks and Detective Kevin Williams of the Lafayette Police Department. Louisiana Revised Statutes 26:90(A)(11) prohibits anyone holding a retail alcohol dealer's permit, his agent, employee, or representative from illegally possessing or permitting "the consumption on or about the licensed premises of any kind or type of narcotics or habit forming drugs." Southland Entertainment contends that the facts, testimony, and evidence submitted at trial do not support the law and ruling issued by the district court.

Pursuant to La.R.S. 26:304, proceedings before the ATC are civil proceedings. Unless otherwise provided by law, the burden of proof in all civil matters is preponderance of the evidence. *Talbot v. Talbot*, 03-814 (La. 12/12/03), 864 So.2d 590. "Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact sought to be proved is more probable than not." *Hebert v. Rapides Parish Police Jury*, 06-2001, p. 7 (La. 4/11/07), 974 So.2d 635, 642.

Detective Williams was the ATC's sole witness on the issue of whether Southland Entertainment violated La.R.S. 26:90(A)(11) before the district court. Detective Williams related that he had been employed in corrections and law enforcement since 2001, that he had been working for the Lafayette Police

Department for ten years, and that he had been working specifically in narcotics for more than one year with the Metro Narcotics Task Force before he performed the undercover surveillance at Southland Entertainment. Detective Williams testified that although he had only been specifically assigned to narcotics for just over one year, he had dealt with narcotics during his entire law enforcement career. He further testified that he had been field certified annually in narcotics detection for the identification of marijuana, cocaine, methamphetamines, and various other drugs. When asked specifically about the detection and identification of marijuana, Detective Williams explained that marijuana has a distinctive smell, that different strains of marijuana smell differently, and that, based on his years of experience, he can identify marijuana by smell.

Detective Williams initially outlined the manner in which the surveillance was conducted at Southland Entertainment, noting that he and another officer visited Southland Entertainment on three occasions, paid the admission fee, purchased drinks and drank only portions of those drinks to avoid looking suspicious, and observed the patrons and employees during those visits. He reported seeing and smelling marijuana in use on two of the three evenings he conducted surveillance at the club. With regard to the two evenings during which he reported that marijuana was openly used in the club, he testified that nothing was done to stop the drug use and that he had no doubt that illegal marijuana was being used. With regard to the surveillance that he conducted on July 17, 2015, Detective Williams explained that hydroponic marijuana, a type of marijuana that is known to be used today, has a very strong odor, such that it can be smelled even when it is not being burned. He further explained that when being burned, the smell becomes more intense. Detective Williams testified that he smelled hydroponic marijuana during the course of his investigation that evening.

Southland Entertainment urges that Detective Williams' testimony was insufficient to carry the ATC's burden of proof. In *State v. Friday*, 10-2309 (La.App. 1 Cir. 6/17/11), 73 So.3d 913, *writ denied*, 11-1456 (La. 4/20/12), 85 So.3d 1258, the court addressed this issue by rejecting the defendant's objection to the district court's acceptance of a police officer's opinion testimony regarding the typical behavior of a collector of child pornography because the officer had not been tendered and accepted as an expert. In *Friday*, 73 So.3d at 922 (case citation omitted), the court dismissed the defendant's objection, explaining:

> A law enforcement officer is permitted to express an opinion regarding matters of personal knowledge gained through experience, even if the witness is not first qualified as an expert. *See* La.Code Evid. art. 701. The trial court is vested with much discretion in determining which opinion testimony shall be received into evidence as lay or expert testimony. Accordingly, while not tendered as an expert, [the police officer's] personal knowledge, training, and experience in the field enabled him to give an opinion about what is typical for a collector of child pornography.

In light of Detective Williams' personal knowledge gained through his experience and professional education as a law enforcement officer, Southland Entertainment has failed to show that the district court abused its discretion in accepting Detective Williams' testimony that marijuana was in use on two of the three occasions that he conducted undercover surveillance at its establishment. Accordingly, we find no manifest error with the district court's finding that Southland Entertainment violated La.R.S. 26:90(A)(11).

### DISPOSITION

For these reasons, the judgment of the district court is affirmed. All costs are assessed to Southland Entertainment, Inc. d/b/a BED Niteclub & Lounge.

**AFFIRMED.**

SOUTHLAND ENTERTAINMENT, INC. D/B/A BED NITECLUB &
LOUNGE

VERSUS

LOUISIANA DEPARTMENT OF REVENUE, OFFICE OF ALCOHOL
AND TOBACCO CONTROL

**THIBODEAUX, Chief Judge, dissenting.**

The trial court erred in granting judgment in favor of the ATC in upholding the Commissioner's suspension of the alcohol permit based on the testimony of Agents Banks and Williams. Louisiana Revised Statutes 26:90(A)(11) states that "no person holding a retail dealer's permit and no agent, associate, employee, representative, or servant of any such person . . . shall illegally sell, offer for sale, possess or permit the consumption on or about the licensed premises of any kind or type of narcotics or habit forming drugs." On appeal, Southland Entertainment contends that the facts, testimony, and evidence submitted at trial did not support the law and ruling issued by the district court. While I recognize the credibility deference due to the trial court, I find that taken as a whole, the record does not support the trial court's stated reasons for judgment. There is no objective evidence in the record to support the determination that patrons of Southland Entertainment were smoking marijuana on the premises with impunity. The record reflects only mere suspicions and subjective observations. Accordingly, my review of the record indicates that the trial court was clearly wrong in finding that Southland Entertainment violated La.R.S. 26:90(A)(11).

In *Mart v. Hill*, 505 So.2d 1120, 1127 (1987), the Louisiana Supreme Court stated:

> [I]f an appellate court concludes that the trial court's factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Although appellate courts must accord great weight to the factual findings of the trial judge, these same courts have a duty to determine if the fact finder was justified in his conclusions. An appellate court is not required, because of the foregoing principles of appellate review, to affirm the trier of fact's refusal to accept as credible uncontradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles.

At the conclusion of the surveillance and investigation period, Agent Banks submitted all of the undercover investigative reports to the ATC legal department for review. None of the written reports could substantiate through testing or verification that actual marijuana use was occurring. The submitted reports indicate that the officers and agents observed patrons of Southland Entertainment smoking *suspected* marijuana. However, no marijuana was ever confiscated, recovered, or field tested, and no patron was arrested for the use of an illegal drug. "Certainly, the factfinder should be accorded great latitude and discretion, but discretion must always be buttressed by sound judgment. It is not immutable." *Butler v. Zapata Haynie Corp.*, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274, 1278. The trial court reached its determination that Southland Entertainment had permitted the use of CDS by judging the case solely on the testimony of Agent Banks and his fellow officers. The trial judge's determination was not reasonable nor is it legally sustainable.

In determining whether an accident did occur aboard a vessel, this Court in *Butler v. Zapata Haynie Corp.*, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274,

noted the need for documents, objective evidence, and objectively-corroborated testimony, in order to support the credibility findings of the lower court. The trial court rejected the testimony of the plaintiff and his witnesses, concluding that an accident did not occur aboard the vessel. On appeal, this Court examined the record as a whole, and found that it contained ample objective and documentary evidence to sufficiently overcome the trial court's credibility findings to support a reversal. Such evidence included testimony that was supported by statements from other crew members. The court found it important that these statements corroborated the testimony of the plaintiff.

Comparatively, there is nothing in this case to corroborate the testimony of Agents Banks and Agent Williams that patrons of Southland Entertainment were smoking marijuana on the premises. For example, at trial Agent Williams was asked:

> Q: Do you have anything to suffice or sustain the fact that what you saw these individuals smoking was, in fact, marijuana?
>
> A: Just my experience.

Such subjective observations are insufficient to warrant a finding that Southland Entertainment violated La.R.S. 26:90(A)(11). "Uncontroverted evidence should be taken as true to establish a fact for which it is offered absent any circumstances in the record casting suspicion as to the reliability of this evidence and sound reasons for its rejection." *Guidry v. Lafayette Health Ventures, Inc.*, 15-307 (La.App. 3 Cir. 7/20/16), 203 So.3d 436, 440. The circumstances in this case casting suspicion are that no arrests were made, no contraband was seized, and the State's main witness, a narcotics officer, only suspected the presence of marijuana. No objective evidence was submitted to the court during the trial to prove that

3

Southland Entertainment permitted any controlled dangerous substance to be consumed on the premises. Accordingly, the trial court was manifestly erroneous in its findings, and the majority compounds that error in affirming

For the foregoing reasons, I respectfully dissent.

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 16-925

**SOUTHLAND ENTERTAINMENT, INC. D/B/A BED NIGHTCLUB & LOUNGE**

**VERSUS**

**LOUISIANA DEPARTMENT OF REVENUE, OFFIC OF ALCOHOL AND TOBACCO CONTROL**

**COOKS, J., dissents for the reasons assigned by Thibodeaux, C.J., and also assigns additional reasons.**

I join Chief Judge Thibodeaux's well-reasoned dissent and if only my pen could scream—I ask with exclamation to follow:  When has constitutional due process rested on so little?!!!  Can the government really take away a bar owner's ability to operate a club and earn a living just because an ATC agent "merely suspects a patron is smoking marijuana in the place?"  Wow!!